No. 29,757.

Florence Burger, *Appellee*, v. David L. Pasley et al., *Appellants*.

(299 Pac. 608.)

Opinion filed June 6, 1931.

*J. J. Schenck, Clyde P. Schenck* and *W. Glenn Hamilton*, all of Topeka, for the appellants.

*F. Herbert Crabb, Lester M. Goodell, Randal C. Harvey* and *Paul L. Harvey*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to compel performance of an oral contract in common style, to give property to a child which the promissors took to raise. Plaintiff recovered, and defendants appeal.

The promissors were John D. Knowles and his wife, Lyda Knowles. The promissee was George W. Chilson. The beneficiary was Chilson's daughter Florence, now Florence Burger, the plaintiff. John D. Knowles died intestate, there was no administration of his estate, and his widow took possession of his property. She died·

leaving a will which did not conform to the oral agreement. The defendants are the executors of the will, devisees, legatees, and heirs at law.

The form of the action was for specific performance of the oral agreement. A jury called in an advisory capacity returned the following findings of fact, the interrogatories having been framed by the court:

"1. Was there an oral agreement entered into between John D. Knowles and Lyda Knowles, and George Chilson, the father of the plaintiff, by the terms of which plaintiff was to be taken into the home of the Knowles and kept by them?

"1a. If you answer the last question in the affirmative, state what, by the terms of the agreement, John D. Knowles and Lyda Knowles were to do for the plaintiff, and also what the plaintiff was to do for them.

"1b. If you answer question 1 in the affirmative, state whether, by the terms of the agreement, plaintiff was to have any of the property of John D. and Lyda Knowles on their death, and if so, how much.

"1c. If you answer question 1 in the affirmative, and plaintiff was to do anything for Mr. and Mrs. Knowles under the terms of the agreement, state whether or not plaintiff performed all the terms of the agreement to be performed by her.

"2. Were the services which were rendered by the plaintiff for John D. Knowles and Lyda Knowles such as could be reasonably estimated or paid for in money?

"3. Did Florence Burger give Mr. and Mrs. Knowles her services and affection as a daughter during their lifetime?

"4. Was the marriage of Florence Burger acquiesced in by and agreeable to Mr. and Mrs. Knowles at the time of her marriage and subsequent thereto?

"5. Were the services of Florence Burger, during the time she was with Mr. and Mrs. Knowles, of assistance and value to them in acquiring and conserving their property?

"The jury then retired to deliberate, and thereafter on June 20, 1929, returned their answers to the special questions, as follows:

"No. 1. Yes.

"No. 1a. They were to treat her as their own child, and in return the plaintiff was to be a dutiful child to them.

"No. 1b. Yes, one-half of the estate.

"No. 1c. Yes.

"No. 2. No.

"No. 3. Yes, after entering their home.

"No. 4. Yes.

"No. 5. Yes."

The court adopted the jury's findings, and otherwise found for plaintiff.

Defendants make the stock complaint that the findings of the court and jury are not sustained by the evidence. The district court gave the case long and painstaking consideration, both with respect to the law and the evidence. The controlling evidence was oral testimony. In rendering the decision the learned judge of the district court analyzed, weighed and discussed the testimony with his characteristic insight, fairness and thoroughness, and the conclusion was that plaintiff should prevail. The conclusion will not be disturbed.

Counsel for appellants contend there was a variance between the contract pleaded and the contract found by the jury and enforced by the court. Pertinent allegations of the petition follow:

"Plaintiff further alleges that she owns an undivided one-half interest in and to any and all property formerly owned by the said John D. Knowles and Lyda Knowles, now deceased. That she is the owner of the property aforesaid through and on account of an oral agreement entered into by and between said plaintiff's father and the said John D. Knowles and Lyda Knowles, his wife, now deceased, that if the said plaintiff would come and remain in the home of the said John D. Knowles and Lyda Knowles, his wife, and live and abide with them and render unto them services, love and affection, and devotion as a natural child would do, that at the death of said John D. Knowles and Lyda Knowles, his wife, said plaintiff would receive one-half interest in and to all their property both real and personal owned by them at their death, the same as though she was the natural child of said parties.

"Plaintiff further alleges that she was born on the 25th day of February, 1891, in the county of Shawnee, state of Kansas, her mother (being) Mrs. George W. Chilson, and her father's name being George W. Chilson. Her mother died in the year 1892, and thereafter, in the same year, one John D. Knowles and Lyda Knowles, his wife, residents of Shawnee county, Kansas, being about forty years of age, and being childless, and being desirous of securing the possession, control, custody, and service of this plaintiff, thereupon orally agreed to and with this plaintiff and her father, George Chilson, that if her father would surrender unto them the possession, custody, control, and right to the service of this plaintiff, and permit them to keep her, and if the plaintiff would enter their home and there live, and remain with them until she became grown, and render unto them such love, affection, devotion, obedience, and service as a child usually renders its parents, that they would receive, take and maintain plaintiff, that they would keep and treat her in all respects as though she were their natural child, and the said John D. Knowles and Lyda Knowles, his wife, at their death would leave to this plaintiff an undivided one-half interest in and to all property owned by them at their death, and that she should have the same rights in all respects thereto as though she were their own child, born in lawful wedlock."

The contention is that the agreement was plaintiff should simply take as a natural child would take, and such an agreement does not

prevent disposition by will as the testator may see fit. The cases cited in support of the contention are cases in which, by contract or adoption, the foster parents agreed to treat the child as their own child and as an heir; to place the child in the attitude before the law of a lawful heir; to adopt the child as their own, and provide for, educate and rear the child accordingly; to bestow on the child all rights, privileges, inheritance, heirship and immunities of children born in lawful wedlock; that the child should receive a child's share of the property as though the child were their own; that the child should inherit all the property which she would inherit if she were their own. We have no such case here.

The first paragraph of the petition quoted above was in the nature of a general statement of ownership and source of title: Plaintiff was owner because of an agreement that if she would be as a child to Knowles and wife she would receive half of all the property, both real and personal, they owned when they died, the same as if she were a natural child. The second paragraph of the petition quoted above tells the whole story, and the obligations pleaded are cumulative: On the part of Knowles and wife, they would receive, educate and maintain plaintiff; they would treat her as a natural child; and they would leave the child one-half their property; and her interest in the property should be the same as if she were their own child. In another paragraph of the petition plaintiff alleged that Lyda Knowles was unfairly induced to violate her agreement with plaintiff's father to leave plaintiff half of her property at her death, by making the will which gave plaintiff only a one-seventh interest.

It is clear the pleader did not attempt to state the terms of two contracts between Knowles and wife and plaintiff's father. There was only one contract, and whatever else the contract embraced, the promissors agreed that plaintiff should have a definite share of their property, viz., one-half. This specification of quantity cannot be excided from the contract. Words such as "heir" and "inherit" were not used. The plain sense of the contract is that the phrases "the same as though she was their natural child," and "as though she were their own child born in lawful wedlock," are not limitations upon quantity of interest, but are descriptive of intimacy of relationship—the promissors will so regard plaintiff that they will give her half their property as they would give half their property to their own offspring.

The question is one of interpretation of a pleading, and we have some very persuasive evidence on that subject. No motion was filed to make the petition more definite and certain. If the contract were as counsel for appellants now contend, plaintiff pleaded herself out of court, but no demurrer to the petition was filed. When counsel for plaintiff opened the case to the jury he said the agreement was that Mr. and Mrs. Knowles would give plaintiff one-half of their property at their death. When counsel for defendants made his opening statement he said:

"As stated by counsel for plaintiff, this is an action in which the plaintiff is asking the court now to enforce a claimed oral agreement, claimed to have been made between her father and Mr. and Mrs. Knowles, relating to herself, and providing if she did certain things for them, at their death she would receive one-half of their property."

The case was tried on this understanding of the contract.

Counsel for defendants framed a question for submission to the jury inquiring whether John D. Knowles and Lyda Knowles entered into an oral contract with plaintiff and her father, and counsel framed the question according to the second paragraph of the petition quoted above, which pleaded the contract in cumulative form:

"That they would receive, take and maintain plaintiff, that they would keep and treat her in all respects as thought she were their natural child, and that the said John D. Knowles and Lyda Knowles, his wife, at their death would leave to this plaintiff an undivided one-half interest in and to all property owned by them at their death, and that she would have the same rights in all respects thereto as though she were their own child, born in lawful wedlock."

The word "thereto" in the pleading and in the question could refer to nothing but a half interest in the property, and a half interest in property is not the uncertain something one heir might get in case of intestacy, or the something or nothing which might be given by a testator free to make a will as he desires.

The contention now made was first made in the district court after the trial. In ruling on the motion for new trial the court said:

"There would seem to be no doubt as to the issue which was tried in this case. The substance of the plaintiff's claim was that John D. Knowles and Lyda Knowles agreed with the plaintiff's father, when the plaintiff was taken into their home as a small child, that she should receive a one-half interest in their property at their death. While the allegation of the petition adds the clause 'the same as though she was a natural child of said parties,' in the opening statement of counsel for plaintiff the question tried was correctly stated, and in the opening statement of counsel for the defendants this statement of

the issues was concurred in. The question now raised on defendants' motion for new trial was not suggested by the defendants until after the trial by the jury was over."

The court then reviewed the authorities cited by defendants and digested above, and concluded as follows:

"The above are all the cases from other jurisdictions submitted for examination by counsel for the defendants. None of them seems to furnish authority for a decision in favor of the defendants in this case or for granting a new trial."

The court concurs in the conclusion of the district court.

The only decision of this court cited by defendants is that in the case of *Pantel v. Bower*, 104 Kan. 18, 178 Pac. 241. In that case the agreement was that the child should inherit the same share and in the same manner as if she were the promissors' own child and they should die intestate. In the opinion the court said:

"The plaintiff fails because the most that can be said is that her evidence tended to show an agreement that she should be treated as the natural child of Mr. and Mrs. Bower. The demurrer [to plaintiff's evidence] was rightly sustained." (p. 22.)

Plaintiff overpleaded her case, and inserted an allegation in the petition that her services to Knowles and wife were of the reasonable value of $4,000. Defendants say plaintiff is bound by the allegation, and it may be conceded that she is. She proved she labored like a servant for years in Knowles' railroad boarding cars, when she ought to have been going to school, and if she were suing for money, she could not recover more than $4,000, unless she amended her petition. The jury found, however, that she could not be fairly and reasonably compensated in money for all she did, and the finding was abundantly sustained by the evidence.

The judgment was that plaintiff became owner of one-half of the property, real and personal, of John D. Knowles and Lyda Knowles, at the death of Lyda Knowles; that she was such owner, together with rents, profits, and increase, since the death of Lyda Knowles; and that the will of Lyda Knowles was annulled so far as it conflicted with the judgment. The brief for defendants contains some remarkable statements to the effect that the executors are barred and enjoined from administering the estate of Lyda Knowles; that the judgment infringes upon the power of the probate court; and that the decree "without an iota of evidence sets aside, annuls, and holds for naught the will of Lyda Knowles, deceased." Lyda Knowles was under an obligation, which she could not evade by

making a will, to assure the plaintiff one-half of the property, real and personal, at her death. Lyda Knowles did not perform that obligation, and plaintiff was obliged to get her share by judgment of the district court. The probate court and the executors may still concern themselves with the property which belongs to the estate of Lyda Knowles. Except to relinquish it to plaintiff without diminution and with accrued rents, profits and increase, they will have no concern with the property which became plaintiff's when Lyda Knowles died.

The judgment of the district court is affirmed.

HARVEY, J., not sitting.