Dodson v. Covey.

---

B. F. DODSON, *Appellant*, v. W. M. COVEY, *Appellee.*

No. 16,200.

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Tenants in Common—Growing Crops—Chattel Mortgage.* A person having the right to cultivate land under an agreement with the owner that he should have a share of the crop for planting and harvesting it agreed with another person that if the latter would furnish the seed wheat he should have one-fourth of the crop when harvested. The seed was furnished and the crop raised and harvested in accordance with the agreement. *Held,* that the party furnishing the seed was the owner of one-fourth of the wheat so harvested, and that his right thereto was not affected by a mortgage given by the other party on the entire crop.

Appeal from Pratt district court; PRESTON B. GIL-LETT, judge.  Opinion filed December 11, 1909.  Affirmed.

*W. B. Hess,* and *C. H. Apt,* for the appellant.

*R. F. Crick,* for the appellee.

The opinion of the court was delivered by

BENSON, J.:  This action was brought to recover damages for the conversion of wheat.  One Tusing had agreed with a landowner to plant and harvest wheat for a share of the crop.  The defendant, Covey, furnished the seed, upon an agreement with Tusing that he (Covey) should have one-fourth of the crop when harvested.  The wheat planted in pursuance of this agreement was growing in the following May, when Tusing, being indebted to the plaintiff, Dodson, executed to him a mortgage upon the entire growing crop. Later, when the harvest time approached, Tusing concluded that he had no equity in the wheat and refused to harvest it.  Thereupon the defendant informed the landowner and the plaintiff of his interest in the wheat and proposed to thrash it if, upon examination, he concluded that it would be for his interest to do so.  After such examination he thrashed the wheat, delivered it to an elevator, and received the money therefor.  Out of the proceeds he paid the expenses of thrashing and marketing the wheat, paid the landowner his share, and appropriated $139, being the one-fourth claimed by him, to his own use, leaving a balance of $4, which he paid to the plaintiff on the mortgage, leaving $155 of the mortgage debt unpaid.  The plaintiff claimed this $139 under his mortgage, and brought this suit to recover it.

The plaintiff's claim was based, first, upon an alleged agreement made between himself and the defendant at the time they determined to harvest and thrash the crop, to the effect that the defendant was to do such

work, pay the mortgage, and take an assignment thereof. This the defendant denied, and asserted that while he had agreed to thrash the wheat he did not agree to take up the mortgage. On the trial this issue was properly submitted to the jury, upon conflicting evidence, and was finally determined by the special findings of the jury in favor of the defendant.

The plaintiff also asserted a right to the proceeds of such one-fourth interest upon the further ground that the defendant's claim thereto was not valid. This proposition was presented to the trial court by the following request for an instruction:

"You are instructed that if you find that a contract was made between Tusing and Covey before the crop was sown, whereby Covey was to get one-fourth of the crop for furnishing the seed to plant the same, and that plaintiff obtained a chattel mortgage on the whole of the crop after it was growing, and took possession of the crop before Covey exercised any right over it or any new agreement was made between him and Tusing, and that the plaintiff had no notice of the existence of Covey's claim at the time of the execution of the mortgage, then it is your duty to find for the plaintiff."

This instruction was refused, and the question is presented whether the defendant owned an interest in the wheat valid as against the mortgagee. It is contended by the plaintiff that the relation between Tusing and the defendant was that of debtor and creditor merely. It must be conceded, however, that if there was an indebtedness it was only conditional, for if the crop had failed no obligation would have remained. It appears to have been a joint venture, in which one was to furnish the labor and the other the seed to produce the crop.

It has been frequently held that where one furnishes land and another furnishes labor to raise crops which are to be divided between them when harvested they become tenants in common. (Jones, Land. & Ten. § 54; 12 Cyc. 979; 8 A. & E. Encycl. of L. 325; *Sims v. Jones*,

54 Neb. 769.)  It has also been held that an agreement between a renter and another that the latter should have a portion of the crop to be grown upon the rented premises if he will help to plant and harvest it constitutes the parties tenants in common of the crop so produced.  (*Sims v. Dame,* 113 Ind. 127.)  The same rule was applied in *Tripp v. Riley,* 15 Barb. [N. Y.] 333, and in *Putnam v. Wise,* 1 Hill [N. Y.] 234.

"Where two persons enter into an agreement for the production by manufacture or otherwise of any kind of property to be shared between them, each party contributing to the expense of production, either in labor, materials, or otherwise, they become tenants in common of the product of their labor, capital, or expenditure."  (17 A. & E. Encycl. of L. 663.)

The seed wheat furnished by the defendant having been combined with the labor of Tusing to produce the crop, under the agreement that the defendant should have one-fourth of it, he became the owner of that interest, and his right thereto could not be affected by a mortgage to which he was not a party.

The judgment is affirmed.