Dannefer v. Aurand.

---

No. 22,604.

WILLIAM E. DANNEFER and B. F. STOFER, Partners, etc., *Appellants*, v. HENRY AURAND, and JOHN FILE, *Appellees*.

### SYLLABUS BY THE COURT.

1. PRACTICE—*Motion for Directed Verdict by Both Parties—Conflicting Evidence—Question of Fact for Jury.* Where both parties to an action file motions asking for a directed verdict, one of which is sustained, and the other party thereupon asks that the case be submitted to the jury, and there is conflicting evidence on material issues of fact, such issues should be submitted to the jury for their determination.

2. CONVERSION—*Tenant's Share of Growing Crop—Personal Property—Sale by Tenant.* The share of a tenant who plants a crop of wheat upon the land of another under an agreement to give a specified share of the crop to the owner as rent, is personal property, and the tenant may make a valid sale of his share of the crop while it is growing and immature.

3. SAME—*Rights of Tenant to Sell His Share of Growing Crop.* The sale and conveyance of the land by the owner after the wheat crop is planted and growing, where both grantor and grantee had knowledge of the interest of the tenant, and had recognized his rights in the premises, did not deprive the tenant of his share of the crop nor affect the validity of a sale of the share which he made to another.

4. SAME. It is not necessary to a valid sale of a growing crop that it should have been reserved in the instrument of conveyance, as an effectual reservation of a growing crop may be made by parol.

Appeal from Jewell district court; CHARLES L. KAGEY, judge *pro tem.* Opinion filed April 10, 1920. Reversed.

*D. M. McCarthy,* of Mankato, for the appellants.

*R. W. Turner,* and *Donald F. Stanley,* both of Mankato, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover for the alleged conversion of a crop of wheat, in which judgment was given for defendants, and from which plaintiffs appeal.

A tract of land was sold by W. B. Angle to Henry Aurand in October, 1917, through the agency of the plaintiffs, Dannefer and Stofer. The tract was then occupied by a tenant, who had already planted a crop of wheat, and in the contract of sale a stipulation was included permitting the grantee to settle with the tenant for the growing wheat, and if he did so, a deduction from the purchase price was to be made. He was unable to buy the share of the tenant in the crop, and in February, 1918, that share was purchased by the plaintiffs. They obtained hail insurance on the crop, and in June, when they undertook to harvest it, the defendants, who were then in possession of the land, refused to allow plaintiffs to enter the premises and harvest the crop, and defendants subsequently appropriated it to their own use. When plaintiff's evidence was submitted, a demurrer to it was overruled, and at the close of defendant's evidence each of the parties filed motions for a directed verdict. The plaintiffs also submitted a series of instructions which they asked to be given to the jury for their guidance in determining the facts in the case, but these were refused. The court sustained the defendants' motion and directed the jury to return a verdict for the defendants. The plaintiffs have reason to complain of the ruling that was made. There was conflicting testimony in the case and matters of dispute to be submitted to the jury. Defendants contend that the plaintiffs, having asked for a directed verdict, waived the right of submission to the jury and are estopped to insist that there was a conflict in the testimony. It has been held that where both parties have moved for a directed verdict and the motion of one of them is sustained, the findings of the court on

the facts will be regarded as having the force and effect of the verdict of a jury. (*Dorsey v. Wellman*, 85 Neb. 262; *Martin v. Harvey*, 89 Neb. 173.) Decisions have been made by the courts of New York to the effect that if a party moves for judgment on a question of law raised upon undisputed facts, he will be deemed to have waived his right for a submission of the facts to the jury, unless he requests such a submission. A mere exception to the ruling of the court on the motion is unavailing in an appeal. (*Winchell v. Hicks*, 18 N. Y. 558; *O'Neill v. James*, 43 N. Y. 84; *Muller v. McKesson et al.*, 73 N. Y. 195). In the Muller case it was said that:

"After the defendants had asked the court to determine the questions as matters of law in his favor on a motion for a nonsuit, and they afterwards desired such questions to be submitted to the jury as questions of fact, it was their duty to have specified the questions which they desired to have submitted. The court might have assumed that the defendants rested upon their legal propositions and thus have been misled. It would be, perhaps, rather rigorous to enforce this rule in this particular case, and we have concluded to waive its application." (p. 198.)

Here the plaintiffs tendered instructions to the court asking for the submission of certain questions to the jury, but these were refused, and in view of the facts and circumstances of the case we think it was a somewhat technical and harsh ruling to hold that plaintiffs were not entitled to have the disputed facts submitted to the jury.

That the facts were in dispute is manifest. It is clear that plaintiffs offered proof tending to show that they purchased and paid for the tenant's share of the crop of growing wheat. The tenant had a lease upon the land conveyed and had planted a crop of wheat on it before the sale of the land was made. Under his lease he was to give the owner ⅖ of the crop when harvested, and the remaining ⅗ share was the property of the tenant. As between grantor and grantee, there being no reservations, the share of the growing crop which belonged to the grantor passed by the conveyance to the grantee. (*Chapman v. Veach*, 32 Kan. 167, 4 Pac. 100; *Garanflo v. Cooley*, 33 Kan. 137, 5 Pac. 766.) The grantor did not own the tenant's share and had no right to dispose of it. That share, being an immature growing crop of wheat, was personal property which the owner had a right to sell. (*Dodson v. Covey*, 81 Kan. 320,

105 Pac. 579.) In *Mabry v. Harp,* 53 Kan. 398, 36 Pac. 743, it was held that:

"Annual crops, like wheat, which are the product of industry and care, sown by the owner of the soil or his tenant, while growing and immature, are personal property." (Syl. ¶ 1).

It is not necessary to a valid sale of the crop that it should be reserved in the deed of conveyance. An effectual reservation may be made by parol, whether the crop of wheat is growing or matured. (Note in 23 L. R. A., n. s., 1218; 8 R. C. L. 372). According to the testimony there was a complete understanding and agreement that a share of the crop was owned by the tenant and that it did not pass to the grantee. The landlord, as we have seen, recognized the right of the tenant, and so also did the grantee. The defendant Aurand, not only had actual notice of the interest of the tenant, but he recognized that interest by making a stipulation relating to it in the contract of purchase. There is testimony too that in February, 1918, shortly before he obtained possession of the farm, he stated that he was unable to deal with the tenant and advised the plaintiffs to purchase the tenant's share of the wheat of him. There was therefore assent to the sale by the grantor, and besides, he is not questioning the validity of the sale made by the tenant. There was like assent on the part of the grantee, and the testimony is to the effect that a *bona fide* sale of the crop was made to the plaintiffs. They acquired the same rights by the purchase that the tenant might have asserted if no sale had been made. The fact that they had negotiated the sale of the land for the grantor and were endeavoring to procure the removal of the tenant from the premises so that Aurand might go into possession of the same on March 1, 1918, in accordance with grantor's agreement, did not deprive them of the right to purchase the crop. Whatever claims may exist between Aurand and the grantor, who was not a party to this action, it is clear that there was testimony in the case tending to support the theory that plaintiffs purchased and owned the tenant's share of the crop and that defendants had converted it to their own use, sufficient at least to warrant the submission of the case to the jury, and, therefore, the judgment is reversed, and the cause is remanded for another trial.