No. 24,716.

## W. E. McGARY, *Appellee*, v. ROY HART, *Appellant*.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Tenant May Lawfully Contract to Dispose of Part of His Share of Crop Without Written Consent of Lessor.* Where a lessee, who was entitled under his lease to two-thirds of the grain grown on the leased premises, agreed with a third person that if the latter would plant the entire tract of 235 acres to wheat he should have the lessee's share on forty acres when the crop was harvested, and where the wheat was planted and crop raised and harvested in accordance with the agreement, *Held,* that the party planting the wheat was entitled to the lessee's share on 40 acres when the crop was harvested, notwithstanding a provision in the lease prohibiting a sublease without the written consent of the lessor, which was not obtained.

2. SAME—*Evidence Sustains Findings and Verdict.* The evidence examined and found sufficient to support the findings of fact and the general verdict.

3. SAME—*Instructions.* The instructions examined and found to have fairly stated the law applicable to the facts in the case.

4. SAME—*Objections Without Merit.* Other objections considered and held not to be material.

Appeal from Morton district court; CHARLES E. VANCE, judge. Opinion filed October 6, 1923. Affirmed.

*A. L. Maltby,* of Elkhart, for the appellant.

*Fred J. Evans,* and *Ray H. Calihan,* both of Garden City, and *G. Porter Craddock,* of Richfield, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was for conversion of 285.6 bushels of wheat. Trial was to a jury. The plaintiff recovered and defendant appeals.

Plaintiff's father held a lease on a section of land in Morton county owned by defendant and defendant's father. In the lease it was provided that the lessee should receive two-thirds of all the grain. The lease was ambiguous as to the length of term. It was dated April 15, 1919, "for the term of 10½ months commencing on the 15th day of April, 1919, and ending the 1st day of March, 1921." It contained the provision that the lessee could not sublease without the written consent of the lessor. The testimony in material parts, was contradictory. The jury resolved the dispute in favor of the plaintiff. Plaintiff's claim was that he had agreed with his father

McGary v. Hart.

to plant to wheat all the acreage on the land available for that purpose—about 235 acres—in consideration of which the plaintiff was to have his father's or the tenant's share of the wheat on 40 acres. Plaintiff and his father had no means with which to purchase seed wheat. They therefore contracted with C. H. Drew whereby Drew was to furnish the seed and was to cut the wheat at harvest time and be paid by plaintiff and his father for such service, and to receive for the seed one-fifth of the crop.

Plaintiff claimed that he planted the wheat with the knowledge and consent of the defendant. Defendant admitted the knowledge but denied the consent. When the wheat was harvested one O'Neil filed an action against the father of the plaintiff and attached his (tenant's) share of the wheat. The sheriff was advised that the tenant's share of 40 acres of the wheat was the property of the plaintiff, and thereupon removed the attachment from that portion. Under the attachment proceeding the sheriff threshed the wheat, the defendant assisting him in so doing. The sheriff turned over to Drew his one-fifth interest on account of having furnished the seed. He turned to the defendant his one-third, or the landlord's share. The balance was sold under the attachment. When the wheat on plaintiff's 40 acres was threshed, the defendant turned over to Drew his one-fifth part for the seed furnished. He refused, however, to turn over to plaintiff his share and converted it to his own use. He justified his action on the ground that he had not consented to the subleasing of the land and had not consented to the planting of the wheat by the plaintiff.

In addition to the general verdict in favor of the plaintiff, the jury answered special questions as follows:

"1. Did the plaintiff have permission from the defendant to sow wheat on the land of the defendant in the fall of 1919? A. Yes.

"2. Did the defendant know of the contract between Drew and plaintiff, in regard to harvesting the wheat when matured? A. Yes.

"3. If you answer the last question in the affirmative, when did he first learn of it? A. When Joseph Hart went to see C. H. Drew.

"4. Did the defendant refuse to rent his land to plaintiff to sow wheat? A. No.

"5. Did the defendant consent in writing to the action of William McGary, sr., in subleasing any part of the land under lease to plaintiff? A. Did not sublease."

The defendant complains of the introduction of testimony, the giving and refusal of instructions, and that the verdict was excessive.

McGary v. Hart.

We have examined the record and find an abundance of testimony to support the general verdict and special findings of the jury. We have examined the instructions and are not able to detect any reversible error in the instructions given, nor in the refusal of the court to give a peremptory instruction in favor of the defendant.

We have examined the authorities cited by the defendant but find that they do not apply to the facts disclosed by the record, nor are we able to say that the verdict was excessive.

The authorities cited by the defendant to show that there could be no subleasing of the land do not apply here, because the testimony showed and the jury found that plaintiff did not sublease the land on which the wheat was grown.

The plaintiff made a contract with his father to perform the labor of planting the wheat and was to receive, as compensation for such services, a portion of the wheat grown on a part of the acreage sown (the tenant's share). The testimony abundantly shows that the defendant acquiesced in the arrangement and was justified in no sense in attempting to deprive the plaintiff of the fruits of his labor.

In *Dodson v. Covey,* 81 Kan. 320, 105 Pac. 519, it was said:

"A person having the right to cultivate land under an agreement with the owner that he should have a share of the crop for planting and harvesting it agreed with another person that if the latter would furnish the seed wheat he should have one-fourth of the crop when harvested. The seed was furnished and the crop raised and harvested in accordance with the agreement. *Held,* that the party furnishing the seed was the owner of one-fourth of the wheat so harvested, and that his right thereto was not affected by a mortgage given by the other party on the entire crop." (Syl.)

It was said in *Bank v. Jesch,* 99 Kan. 797, 800, 163 Pac. 150:

"The courts properly look with favor upon a claim to a crop reasonably made by or under him who planted it. 'If possible, the law allows the one who sows to reap.' (*Smith v. Frantz,* 59 Ind. App. 260, 270.)" (See, also, *Dannefer v. Aurand,* 106 Kan. 605, 189 Pac. 371, and cases cited.)

The judgment is affirmed.