No. 32,791

RAYMOND D. GUSTASON, *Appellee*, v. SUSIE DEAN et al., *Appellants*.

(57 P. 2d 69)

Opinion filed May 9, 1936.

*Clyde T. Parker, J. S. Brollier*, both of Hugoton, *John C. King, Charles M. Tucker, Charles Vance, George L. Light, Auburn Light*, all of Liberal, and *E. P. Villepigue*, of Wichita, for the appellants.

*J. W. Davis*, of Meade, and *Manvel H. Davis*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: The action was one to quiet plaintiff's title to land, held under an instrument executed and delivered to plaintiff by his father, the former owner. The principal question was whether the deed operated as a conveyance or was testamentary in character. Plaintiff recovered, and defendants appeal.

Gust Gustason, the former owner, resided on the land until he moved to Hugoton in October, 1920. R. D. Gustason was born on the land in May, 1898, was reared on the land, and has been in possession since October, 1920. There were transactions between father and son relating to the land previous to execution of the instrument in controversy which need not be recited.

On August 22, 1925, W. B. Crawford, a notary public of Hugoton, went to the residence of Gust Gustason in Hugoton, at Gust Gustason's request, and from information given by Gust Gustason, Crawford prepared the instrument. The general form is that of an ordinary warranty deed of the land to R. D. Gustason, executed and acknowledged by Gust Gustason and his wife, Laura Gustason. A

mortgage on the land was excepted from the warranty and was assumed by the grantee. The following was inserted between the granting clause and the habendum:

"It being one of the provisions of this deed and fully understood by the grantors and grantee that should this deed be placed of record in the office of the register of deeds in Stevens county, Kansas, at any time prior to the death of the grantor, Gust Gustason, that it shall have no legal existence until the death of the said grantor, Gust Gustason, and at the death of the said Gust Gustason then this deed shall become absolute and in full force and effect."

The deed was subsequently delivered to the grantee.

On December 18, 1926, Gust Gustason made a will. Two days later he died, and in due time the will was admitted to probate. The will purported to devise to the testator's daughters a portion of the land described in the deed. On December 27, 1926, the deed was filed for record.

After finding the facts, the district court returned the following conclusion of law:

"That the instrument of August 22, 1925, executed by Gust Gustason and wife to R. D. Gustason was a deed conveying a present interest in real estate, with a condition subsequent. The deed was not recorded by the plaintiff in the life time of the grantor, and the legal effect, if any, of this condition subsequent is not determined in these conclusions of law."

The conclusion of law is approved, and the contention of defendants that the instrument was testamentary in character is not well founded.

At the trial oral testimony was offered to the effect that when the deed was prepared Gust Gustason told the notary he wanted a Jim Crow deed, one that would not amount to anything and would not stand in law. Objection was made, and the court admitted the testimony provisionally. In finally disposing of the case the court held the parol-evidence rule forbade consideration of the testimony, and sustained the objection. The ruling is approved. Whatever the preliminary conversation between the grantor and the notary concerning preparation of a flimflam, the deed as written was in fact executed and delivered, is not ambiguous, and speaks for itself.

The judgment of the district court is affirmed.