No. 32,739

DAISY I. SCOTT, *Appellee*, v. THE NATIONAL RESERVE LIFE INSURANCE COMPANY, *Appellant*.

(58 P. 2d 1131)

Opinion denying motion for rehearing and modifying original opinion filed July 3, 1936. (For original opinion of reversal see 143 Kan. 678, 56 P. 2d 76.)

*George F. Beezley*, of Girard, *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman*, all of Topeka, for the appellant.

*P. E. Nulton* and *R. L. Letton*, both of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: In the original opinion in this case only the first and third of the principal assignments of error argued by the appellant were considered, and no comment or decision was made as to the second assignment of error, perhaps because it was thought to have been eliminated by the holding that it was error not to have granted a new trial. Yet it can be more forcibly said that the error, if any, in not granting defendant a new trial would be eliminated if there was error in not sustaining the motion of defendant on which ruling the second assignment of error is based.

This was an action on a life insurance policy by the beneficiary

against the insurance company where the answer and cross petition practically admit all the allegations of the petition, and the allege in detail that false and fraudulent answers were made by the insured in his application for such policy. The reply, being a general denial, the burden of proving the fraud alleged by the defendant was placed upon the defendant, and at the close of defendant's testimony the plaintiff moved the court for a directed verdict in favor of the plaintiff. The defendant likewise moved for a directed verdict in favor of the defendant. The court sustained the motion of the plaintiff and overruled the motion of the defendant, and the jury followed the peremptory instruction and rendered verdict for plaintiff. The defendant excepted to the action of the court in overruling its motion for new trial. This court, in the opinion reported in 143 Kan. 678, 56 P. 2d 76, held the trial court was in error in sustaining the plaintiff's motion for an instructed verdict and in overruling defendant's motion for a new trial, and concluded the opinion by directing that a new trial be granted.

Appellant in its motion for rehearing or modification insists that the trial court should have directed a verdict in favor of the defendant as requested by the defendant, and since both parties had moved for a directed verdict the trial court should have directed it according to the uncontradicted evidence. It is urged that a peculiar situation prevails when both parties move at the same time and upon the same evidence for a directed verdict. Some states hold that when both parties so move there is a waiver of a right to a jury trial by either party, and the right of trial is conferred thereby upon the court to determine questions of fact. (64 C. J. 434 and 26 R. C. L. 1080.) However, this state has taken a different position where there is a dispute or controversy as to facts, as was said in the second paragraph of the syllabus of *Sentney v. Central Cattle Loan Co.,* 119 Kan. 545, 240 Pac. 856, where each party filed a motion for a directed verdict, and it was held:

". . . that defendant did not waive its right to have the disputed questions of fact submitted to a jury by reason of such motion and the trial court's ruling thereon—following *Smith v. Paper Co.,* 101 Kan. 274, 166 Pac. 484; *Dannefer v. Aurand,* 106 Kan. 605, 189 Pac. 371."

In all these cases just enumerated there was a wide difference as to the facts, and appellee insists that where there is a controversy as to facts fraud cannot be established as a matter of law, and then cites the conversation between the agent of defendant company

which contained a statement that the insured stated in answer to question 6A that he had made application for insurance to another company, but that he had canceled the same and asked the agent what would be the proper answer under those circumstances, to which the agent answered, "No would be the correct answer." If this would be the substance of the testimony introduced by the defendant in its effort to show fraud the theory of the appellee would be undoubtedly correct, but this was only a small part of the testimony of defendant showing fraud, the most important part of it being the letter which the applicant wrote to the company in New Jersey to which he had made the first application, wherein he himself stated in writing in reference to such application that the company had declined to issue the policy and there was in the evidence all the elements of benefit to himself and detriment to the company which were required to show fraud.

The definition of fraud, as given in the Restatement, Contracts, § 471, is as follows:

" 'Fraud' in the Restatement of this Subject unless accompanied by qualifying words, means

"(a) misrepresentation known to be such, or

"(b) concealment, or

"(c) nondisclosure, where it is not privileged, by any person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction; except as this definition is qualified by the rules stated in § 474."

Section 474 has reference to manifestations of intentional misrepresentations.

In the original opinion in this case we held:

"There is no conflict of evidence, and the sole question is, Does the testimony given establish fraud?  . . ."  (p. 680.)

If fraud is established it at once becomes such as a matter of law. There are three stages in the proof of fraud. One is where it is not established and a demurrer to the same can be sustained, another is where there is some evidence tending to establish fraud which makes a case that should be submitted to a jury, and the third situation is where it is established and therefore becomes fraud as a matter of law. If submitted to a jury, what evidence could possibly modify or explain the acknowledgment of the applicant in his own letter to the company that the company had declined to issue a policy to him.

It is said in 4 Couch, Cyclopedia of Insurance Law, § 889j:

". . . where all the evidence excludes every reasonable inference but one, the issue is one of law for determination by the court. . . . And where fraud is the issue, and the evidence is not sufficient to make a prima facie case thereof, the court is justified in directing a verdict for the plaintiff. And a verdict may be directed where the evidence is uncontradicted, or the plaintiff confesses the falsity of the insured's answer. . . . concealment or misrepresentations may be of facts in a legal sense material to the risk, or fraudulent, in either of which cases the issue should not be submitted to the jury." (pp. 3044, 3045.)

We have no hesitancy in saying and concluding that the defendant has in this case established fraud as a matter of law, and therefore the motion of defendant, or appellant, for a directed verdict for it should have been sustained, and it was error to have overruled such motion. This holding, as stated above, eliminates the necessity of any action by this court as to the ruling on the motion of defendant for new trial.

The petition for a rehearing is denied and the original opinion is modified to the extent of eliminating the ruling upon the motion of defendant for a new trial, and it is further modified by holding that the trial court erred in overruling the motion of defendant for a directed verdict in favor of the defendant. The cause is remanded with directions to set aside the rulings in favor of the plaintiff and render judgment for the defendant for costs. It is so ordered.

HARVEY, J., dissenting.