No. 33,320

John C. Koch, *Appellant,* v. Dorothea Wolf et al., *Appellees.*

(69 P. 2d 1088)

Opinion filed July 10, 1937.

*R. E. Melvin, George K. Melvin,* both of Lawrence, and *Ralph E. Page,* of Ottawa, for the appellant.

*T. A. Moxcey, Maurice P. O'Keefe* and *Karl W. Root,* all of Atchison, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This action was one for the recovery of real property, seeking to enforce an oral contract for an undivided one-third interest in and partition of certain real property. The trial

court sustained a general demurrer to the petition, and the plaintiff has appealed.

The petitioner alleged that when he was about nine years old his widowed mother in 1895 married August J. Wolf, who had two daughters by a former marriage; that in 1902 Wolf purchased 240 acres of land in Atchison county, using for such purchase some of the funds accumulated by the joint efforts of himself and wife during the seven years of their married life, and took title thereto in his own name. In order to make the matter satisfactory to his wife he orally agreed with her and with her son, the plaintiff, that her son was to share equally in said property with the two daughters after the death of Mr. Wolf; that the son, the plaintiff, who was then fourteen or fifteen years of age, should remain on the farm until he was twenty-one years of age, and that Wolf would execute a will giving him such interest; that Mr. Wolf executed such a will and the plaintiff remained on the farm not only until he reached the age of twenty-one but until he was twenty-six years of age; on October 12, 1912, shortly after plaintiff left the farm, his mother died; later Mr. Wolf married again and then made and executed a new will by the terms of which he left all of his property, including the 240-acre farm, to the new wife for the term of her natural life with remainder to his two daughters, share and share alike; that after Mr. Wolf's death this last will was admitted to probate and his third wife was appointed executrix of his estate on August 17, 1922, and final settlement was made on September 29, 1924.

It was further alleged in the petition that when this action was commenced on June 28, 1935, the last wife and two daughters of Mr. Wolf were in actual and physical possession of the 240-acre farm, and the prayer of the petition under the first count thereof was for the possession of an undivided one-third interest therein, and under the second count for a partition of the property.

The trial court sustained the demurrers to the petition on the theory that the petition was in effect a contest of a will and the action was barred by the then two-year statute of limitations (now one year, as stated in G. S. 1935, 22-222 and 22-223).

Appellant claims this action is not one to contest a will, but is one for the recovery of real property and is controlled by the fifteen-year statute of limitations (G. S. 1935, 60-304, *fourth*); that plaintiff, through full performance of the oral contract on the part of all parties, became the equitable owner of an undivided one-third interest

in the property, and that proof of an equitable title is sufficient to enable him to recover at any time within fifteen years. Applying this theory, the appellant insists that when he became twenty-one years of age and had fully complied with the terms of the oral contract he then became the equitable owner of a one-third interest in the farm, subject only to the life interest of August J. Wolf, and if Mr. Wolf did not own the land he could not dispose of it by will any better than by deed or otherwise. And as this action is one to declare the legal title to real estate based upon equitable title and for recovery of such real estate, it is not one to contest a will because the testator was incapable of disposing of it by will.

Appellant cites the case of *Rooney v. McDermott*, 113 Kan. 18, 213 Pac. 631, where it was held under facts somewhat similar to those in the case at bar that "the fifteen-year statute of limitations controls; and the action is not barred if it is commenced within that time," but there was no will involved in that case, and the only question in the case was whether under the facts and circumstances the three-year statute or the fifteen-year statute of limitations controlled.

Appellant also cites the case of *Smith v. Nyburg*, 136 Kan. 572, 16 P. 2d 493, wherein he says a portion of the decision of the Rooney case, *supra,* was criticized. In that case the parents of four children took into the family another with the promise that she would receive a full child's share of all the real and personal property which they or either of them owned at the time of their death, and in that connection it was held that—

". . . (e) this action which was begun within a year after her mother's death was not barred by lapse of time, nor by laches, although her father had died eight years previously; . . ." (Syl. ¶ 1.)

The case of *Dodson v. Covey*, 81 Kan. 320, 105 Pac. 519, is cited by appellant as confirming and strengthening his theory, but it has to do with a contract interest in a growing wheat crop as against the interest conveyed by a chattel mortgage subsequently placed thereon.

In the case of *Ross v. Ross*, 139 Kan. 316, 31 P. 2d 718, cited by appellant, the statute of limitations applying to a contest of a will was not invoked, and it was held:

"In an action by one claiming title and right to possession of real property under an oral contract to perform services, the evidence is reviewed, and it is held that a demurrer thereto was properly sustained." (Syl. ¶ 1.)

Another case cited by appellant along this line is the recent one of

*Gustason v. Dean,* 143 Kan. 845, 57 P. 2d 69, where the grantor executed a deed conveying certain land to a son with a condition subsequent therein that the deed should not be recorded during the lifetime of the grantor, and he subsequently made a will devising it otherwise, and it was held:

".  .  . the instrument was a deed conveying a present interest in the land, subject to a condition subsequent and was not testamentary in character." (Syl. ¶ 1.)

Appellant argues that at most his claim could not amount to a real contest of the will because if it were fully allowed it would not completely nullify the provisions of the will as would proof of mental incapacity or undue influence, and further that his claim only affected a part of the estate, citing a case where such fact was mentioned, but no such ruling was made.

The plaintiff here claims one third of the estate. The will grants a life estate in all of it to the wife and the remainder to the two daughters, so that this action of the plaintiff, if successful, would defeat the interest of the widow entirely and change the interest of each of the daughters from one half in remainder to one third in present estate.

We are not persuaded either that the action of the plaintiff is not a contest of a will nor that an equitable estate as described in the petition is such an interest in property as will not permit it to be devised or bequeathed later by the original owner.

It was held in the case of *Mayer v. Taylor,* 142 Kan. 54, 45 P. 2d 858:

"An action for specific performance of an alleged contract between a husband and wife and the sister of the husband that they would leave all their property at the death of the survivor of them to the son of the sister upon conditions which were fully performed cannot be begun after the lapse of one year from the date of the admission to probate of the joint and mutual will and codicils of the husband and wife, following *Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586." (Syl.)

In the opinion it was said that "Any cause of action which a pleader can set down on paper which, if established, would necessarily render a will nugatory, is a contest of the will and must be brought within the time allowed by the statute above quoted." (p. 57.)

The most recent case cited in this connection is *Kunze v. Kunze,* 145 Kan. 72, 64 P. 2d 568, where the plaintiff brought an action in ejectment against her brother, claiming she held title by the will of

her mother, and the defendant, a brother, claiming title to an eighty-acre tract by virtue of an oral contract with his mother. The plaintiff by way of reply pleaded the one-year statute of limitations, and it was held:

". . . (1) that the defense contained in the answer, as shown by the agreed statement of facts, amounts to a contest of the will under which the plaintiff claims title and is barred by the one-year statute of limitations (G. S. 1935, 22-222 and 22-223); and (2) that the said statute of limitations applies to a defense even where no affirmative relief is claimed, if such defense attacks the validity of the will directly or indirectly by attempting to render nugatory the apparent rights of the plaintiff under the will." (Syl.)

In the opinion it was stated:

"It is further suggested that eighty acres is only one tenth of the total acreage owned by the parents and therefore it should not be deemed a contest, but the principle and procedure would be just the same if eighty acres constituted the entire estate. The provisions of the mother's will are apparently being called in question as to the devise to the plaintiff of a part of the property." (p. 75.)

We conclude that the oral contract set out in the petition of the plaintiff was such as, if successfully established, would nullify the effect of the will and was therefore a contest of the will in question, and the action was barred by the statute of limitations as to contests of wills, and the fact that it only affected one third of the property of the deceased would not make it any the less a contest of the will.

The judgment is affirmed.

ALLEN, J., dissenting.