**NEW YORK LIFE INS. CO. v. LEVIN et al.**
**No. 11219.**

Circuit Court of Appeals, Eighth Circuit.
March 14, 1939.

Richard S. Righter and Sam D. Parker, both of Kansas City, Mo. (George J. Mersereau, of Kansas City, Mo., Louis H. Cooke, of New York City, and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellant.

Fred J. Wolfson, of Kansas City, Mo. (Harold Waxman, of Kansas City, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS Circuit Judge.

On January 7, 1930, the New York Life Insurance Company issued its policy of life insurance upon the life of appellee Harry Levin. Bess Levin, wife of the insured, was named as beneficiary. The policy provided for the payment of $10,-000 by the insurance company to the beneficiary upon due proof of death of the insured. It provided further for (1) disability and (2) double indemnity benefits. This suit was commenced by the insurance company in 1937 seeking a decree cancelling the two latter clauses on the ground that the policy was procured by means of fraudulent and material misrepresentations made by the insured in the answers to certain questions in the application.

Upon a trial of the case the lower court made findings of fact, conclusions of law, and entered a decree dismissing the bill with prejudice; and the plaintiff appeals.

The questions alleged to have been answered untruthfully are as follows: (1) Have you ever been under observation or treatment in any hospital, asylum or sanitarium? Answer: No. (2) Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of the stomach or intestines, liver, kidneys or bladder? Answer: No. (3) Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers? Answer: No. (4) What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years? Answer: None.

Above the insured's signature to the application in which the foregoing questions and answers are found is the statement that "On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them."

The policy provides that the policy itself and the application constitute the entire contract.

The court found that the admissions and the testimony established the following facts:

"6. The application was forwarded to the home office of plaintiff and the statements contained in the questions and answers above set out were accepted as true by plaintiff's officers and relied upon by them in the execution of the policy.

"7. In July, August, September and October, 1936, plaintiff learned the following facts, all of which were established by the evidence:

"(a) That the defendant, Harry Levin, consulted Dr. Milne at Kansas City, Missouri, in March and April, 1923, about abdominal pains and discomfort and was treated by him during that time.

"(b) Defendant again consulted Dr. Milne on two occasions in October, 1923, on account of gastric acidity and indigestion.

"(c) That the conditions found by Dr. Milne indicated to him the existence of an ulcer.

"(d) Defendant was not informed by Dr. Milne that he had an ulcer.

"(e) Defendant was ill and unable to work in October and November, 1923.

"(f) In May, 1925, Defendant went to Rochester, Minnesota, to the Mayo clinic with relatives all of whom, including defendant, went through the clinic for a general examination, as a result of which defendant was advised to reduce his weight below two hundred pounds, and was given a diet to follow.

"8. The policy contains the following provision:

" 'All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties * * '

"9. Those answers set forth * * * above, which are inconsistent with the facts established as set forth in subparagraphs (a), (b), (c), (d), (e) and (f) of Paragraph 7, were made thoughtlessly, innocently, and without fraudulent intent, and were the result of forgetfulness or oversight.

"10. That the policy of insurance would have been issued by plaintiff had correct answers been given to the questions incorrectly answered."

And the court made the following pertinent conclusion of law:

"3. Since the incorrect answers applied to conditions existing years before the making of the application, and since the actual condition of defendant on the dates covered by the incorrect answers and his condition at the time of the issuance of the policy were not indicative of an unusual risk, they were not material as a matter of Law and since neither the answers or their incorrectness was material in fact, sufficient grounds do not exist for the cancellation of the disability and double-indemnity provisions of the policy."

The appellant assigns as error (1) the refusal of the court to grant the relief sought; (2) in making findings of fact numbered 9 and 10; and (3) in making conclusion of law No. 3.

Findings of fact numbered 7 and 8 made by the court are not in dispute. As to finding No. 10 officers of the appellant company testified that had correct answers been given to the questions set out above the policy would not have been issued. Their testimony was not disputed. The court was not bound to believe them, but under the circumstances of this case we are of the opinion that their testimony was entitled to be given some weight. Dr. Milne of Kansas City and Dr. Brown of the Mayo Clinic were called as witnesses by the appellant. They testified that they found the insured in 1923 and in 1925 respectively suffering from superacidity of the stomach and they concluded that he was afflicted with either a diseased condition of . the gall bladder or a duodenal ulcer. Their diagnosis was based upon the medical history given by the insured and examinations made in the clinics. They told the insured their findings and prescribed diet, soda and milk of magnesia treatment.

In 1923 the insured had a policy of health insurance in the Illinois Travelling Men's Association. In October and November of that year he was ill and unable to work. He made claim under his policy and was paid $177.14. The nature of his sickness was stated to be gastric hyperacidity. In 1936, Dr. Printz removed the insured's gall bladder, but the operation did not clear up his stomach trouble. He went back to the hospital and it was then found that he had a duodenal ulcer. In June, 1936, the insured informed the appellant that he wanted to make a claim for disability benefits. An investigation followed and the company discovered the incorrectness of the answers to the questions in the application.

It is averred in the bill, and not denied, that the policy was applied for and delivered in the State of Kansas. The rights of the parties in this suit are therefore governed by the laws of that state. Turner v. New York Life Insurance Co., 8 Cir., 100 F.2d 193.

The conclusion of the court that the incorrect answers of the insured in the application were not material as a matter of law presents the determining question in the case. The Supreme Court of Kansas as well as this court has consistently held that, if a representation is found to be material, the policy will be void whether the untrue answer was made in good faith or not. If the false answer knowingly made is material, legal fraud results. Klein v. Farmers' & Bankers Life Ins. Co., 132 Kan. 748, 297 P. 730, 731; Lodge v. Order of United Commercial Travelers, 125 Kan. 26, 262 P. 598; Steele v. Woodmen of the World, 115 Kan. 159, 222 P. 76; Scott v. National Reserve Life Ins. Co., 144 Kan. 224, 58 P.2d 1131, 1132; Hesselberg v. Aetna Life Ins. Co., 8 Cir., 75 F.2d 490; Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202. But a representation need only be substantially true. Giacoma v. Bankers' Indemnity Ins. Co., 138 Kan. 226, 25 P.2d 362, 363. It has been held by this court that an applicant for insurance is not required to disclose the fact that he consulted a physician "for slight and temporary ailments which leave no trace of injury to health,

such as an ordinary cold, inability to sleep because of occasional excesses." Wharton v. Aetna Life Ins. Co., 8 Cir., 48 F.2d 37, 43; Golightly v. New York Life Ins. Co., 8 Cir., 85 F.2d 122. And the burden of proof was upon the appellant to prove that incorrect statements in the application were known by the insured to be false. Priest v. Kansas City Life Ins. Co., 116 Kan. 421, 227 P. 538. That the insured knew, and had not forgotten, that he consulted Dr. Brown at the Mayo Clinic within five years prior to making the application was admitted by the insured on the witness stand. He testified that he gave the company's investigator that information in 1936.

 That the inquiries in the application are material to the risk can not be doubted. The policy covered the disability of the insured. One of the questions answered incorrectly in the negative was, "Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of the stomach * * *?" Another was, "What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years?" He answered "None." The undisputed testimony of the medical witnesses was that continued superacidity of the stomach is a symptom of either gall bladder trouble or of a duodenal ulcer. Either of these diseases must have a direct bearing upon the risk under this policy. But the insured testified that Dr. Brown did not tell him that he had either of these ailments. Under the law of Kansas this fact is immaterial. Had the insured disclosed that he had been at the Mayo Clinic and had there consulted Dr. Brown the company might have discovered the result of Dr. Brown's examination. The insured agreed in his application that, "I expressly waive, on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician or other person who has heretofore attended or examined me, or who may hereafter attend or examine me, from disclosing any knowledge or information which he thereby acquired."

In the case of Klein v. Farmers' & Bankers Life Ins. Co., supra, the insured in his application stated to a medical examiner that he had not consulted a physician as to his health in the last ten years. The evidence disclosed that he had consulted a physician in the preceding year; that he had been examined; and that the examination disclosed that he had pernicious anemia. He was not told that he was in an anemic condition, but the doctor advised him that he was in a rundown condition, that he would have to be treated, and that he might have to be put to bed. The court said that the insured knew that he had undergone the examinations; and that "The fact of the examinations was a material one, and, if it had been answered truthfully, it would have enabled the insurance company to have pursued the inquiry as to what the blood test disclosed, and, if it had learned that the applicant was afflicted with a serious disease, it naturally would have refused to insure him." [132 Kan. 748, 297 P. 731.] The court said further: "The subject of the questions must be conceded to be material. It was incumbent upon the applicant to answer them fairly and truthfully. There should have been absolute good faith in the answers given and misrepresentations, evasion, or conscious concealment necessarily operates to defeat the contract of insurance." Citing authorities.

The holding of the Supreme Court of Kansas in the Klein case, supra, has direct application to the facts in the present case. In this instance the insured had been afflicted, as the evidence shows, with superacidity of the stomach at least over the period of 1923 to 1925; and, if it did not continue because of the treatment received and the diet prescribed and followed, it did reappear in 1936 in disabling form. It can not be said that such an ailment is "slight and temporary", nor that it leaves "no trace of injury to health." Wharton v. Aetna Life Insurance Co., supra [48 F. 2d 43]. This being true the court erred in holding that the incorrect answers in the application were not material and that sufficient grounds did not exist for the cancellation of the disability and double-indemnity provisions of the policy.

The judgment is reversed and the case remanded with instructions to vacate the judgment and to enter a decree for appellant as prayed in the bill.

Reversed.