JONATHAN TAYLOR V. SAMUEL J. AND WM. K. BENNETT.

1. PROBATE OF SPOLIATED WILL.

The devisees and legatees under a will, which after the decease of the testator has been wrongfully spoliated, may maintain proceedings in the probate court to have the will admitted to probate and record.

2. ACTION AGAINST PERSON WHO SPOLIATED WILL.

Such devisees and legatees, after the will has been admitted to probate and record, may maintain an action for damages against the person who spoliated the will, and may recover, as part of the damages, the reasonable fees paid attorneys for their services in having the will admitted to record.

On the 6th of May, 1880, Samuel J. Bennett and Wm. K. Bennett filed their petition in the court of common pleas of Pickaway county against Jonathan Taylor, which petition was as follows :

" The plaintiffs allege the following facts as their cause of action : They say that on or about the 8th day of April, 1879, Samuel J. Bennett, the father of the plaintiffs, made and published his last will and testament; that afterwards he departed this life at Pickaway county, where he resided, on the 1st of July, 1879 ; that afterwards, on the 20th of September, 1879, the said will was admitted to probate and record in the probate court of Pickaway county, Ohio ; that by the terms of said will, the said testator devised and bequeathed all of his property, real and personal, to his wife during her lifetime, and after her decease he devised the farm on which he resided, containing about 90 acres of land, and also about 80 acres lying and running with the Robinson land, to the plaintiff, Wm. K. Bennett, in fee simple; and the testator devised to the plaintiff, Samuel J. Bennett, in fee-simple, all the remainder of his real estate; the said devises to the plaintiffs were subject to the following legacies : To Rhoda and Anna Bennett, each the sum of $500 ; to Sarah Ann Bennett, $200 ; to Mary Ann Bennett, $200 ; to Jane Bennett, $200 ; to Frances Bennett, $230 ; to Mahala Bennett, $225 ; to Nancy Bennett, $275.

The plaintiffs further allege, that on or about the 30th day of June, 1879, the defendant, said Jonathan Taylor, wrongfully procured the possession of said will from one S. P. Thomas, who had the custody of it, and proceeded to spoliate the said will, by cutting out the names of the witnesses thereto and other material parts of it. The said spoliation of the said will was done after the decease of the said testator. Plaintiffs further say, that at the time of the said spoliation the said will was unrevoked; and the said acts were done wrongfully and without authority. The plaintiffs further say, that in consequence of the said wrongful acts, the plaintiffs were compelled to employ counsel and institute legal proceedings in the probate court of the said county, for the purpose of having the said will proved and admitted to record by said court, and plaintiffs were compelled to expend their time and money in and about the probate of the said will. And the plaintiffs did cause the said will to be admitted to probate and record in the said court, at the date above mentioned, as a spoliated will.

And the plaintiffs further say, that they incurred expenses for counsel fees, amounting to the sum of $100, and their loss of time and trouble in the said matter, amounting to $50.

Prayer for judgment, etc.

The defendant, Taylor, filed a demurrer to the said petition, on the ground that the same did not state any cause of action. This demurrer was argued in said court, at the June term, 1880, before the Hon. Geo. Lincoln, Judge, and the demurrer was sustained, and the petition dismissed with costs.

The plaintiffs below filed a petition in error in the district court, and the same was argued before Judges Cowen, Huggins and Louden at the September term, 1882, of the said district court of Pickaway county. Upon consideration, the judges delivered an opinion, reversing the judgment of the court of common pleas; and the said cause was remanded to the court of common pleas for further proceedings.

In the court of common pleas, October term, 1882, the defendant had leave to answer, and at the January term of said court, 1883, the case was tried by a jury, and a verdict rendered in favor of the plaintiffs. The defendant, Taylor, filed a motion for a new trial, took a bill of exceptions, and filed a petition in error in the district court of said county.

This petition in error came on for hearing before the judges of the circuit court.

P. C. Smith appeared for the plaintiff in error, and contended:

1. That the defendants in error had no right to prosecute the said action.

2. That it was error to allow the attorneys' fees in the probate court as part of the damages.

Page, Abernethy & Folsom, attorneys for plaintiffs below, contended:

1. Any person interested under the will may enforce the production of it. 2 Rev. Stat., section 5921.

2. Any person interested in having the will admitted to probate may produce witnesses in a proceeding to admit to probate a spoliated will. Section 5945, Rev. Stat.

3. The plaintiffs had a right to institute proceedings to have the said will admitted to probate and record. How could an administrator, who had never been appointed, or how could an executor, who had not accepted the trust, prosecute such proceedings?

4. The plaintiffs had a right to recover the fees they paid the attorneys for services rendered in the probate court. The prosecution of that suit was rendered necessary, naturally and proximately, by the wrongful act of the defendant. Lane v. Fury, 31 O. S., 574; 14 Cin. Law Bul., 48; Sunderland on Damages, 142.

By the Court:

We are of the opinion that the petition states a good cause of action against the defendant below, and the judgment of the court of common pleas at the January term, 1882, ought to be affirmed. We have no doubt as to the right of the plaintiffs below to recover the attorneys' fees reasonably expended for setting up the spoliated will in the probate court; and we see no reason to doubt the correctness of the decision in the district court upon the other proposition of the counsel for Taylor. We are of the opinion that both these questions were properly and necessarily decided by the district court; and this court cannot review their decision. If any error was committed, the proper remedy would have been to prosecute a writ of error to the Supreme Court.