No. 27,128.

Minnie Rishel, *Appellee*, v. The County of McPherson et al.,
*Appellants*.

### MEMORANDUM DENYING A REHEARING.

Appeal from McPherson district court; William G. Fairchild, judge. Opinion denying a rehearing filed May 7, 1927. (For original opinion of reversal see 122 Kan. 741.)

*G. Nyquist*, county attorney, and *G. F. Gratton*, of McPherson, for the appellants.

*Alexander S. Hendry*, of McPherson, *W. V. Hoagland* and *Edward E. Carr*, both of North Platte, Neb., for the appellee.

The opinion of the court was delivered by

Burch, J.: An affidavit in support of a petition for rehearing contains the following remarkable statement:

"In the opinion of the supreme court in the above-entitled action appears this language: 'In this instance a flank attack came in due season, in the form of an unwarranted assertion of a contract with the testator for all his property after his death.'

"A search of the stenographer's record, appellant's abstract and brief, fails to disclose any such assertion or language."

The fourth paragraph of the petition specifically pleaded the contract to which the court referred. In the course of the trial the following occurred:

"By the Court: The only thing that is bothering me, you are undertaking to prove him insane, and then undertaking to prove a contract."

The trial court's opinion delivered in connection with the decision of the case is abstracted as follows:

"*Abstract of trial court's opinion:* That plaintiff claims (1) by contract; . . ."

The fourteenth finding of the trial court reads as follows:

"14. That there was no contract between the plaintiff and her deceased uncle by which he agreed to convey her all the property in controversy or any part thereof."

After stating the nature of the case, plaintiff's brief filed in this court proceeds as follows:

"Plaintiff claims to be the only heir, claiming, first, title by contract to her of the property. . . ."

Appeal and Error, 4 C. J. p. 639 n. 78, 80.

The petition for rehearing presents nothing which warrants a reconsideration of the case, and the petition is denied.

One of the attorneys for plaintiff files an affidavit offering to produce the testimony of a witness who was not used in the trial of the case, and the witness makes an affidavit relating to facts within his knowledge pertaining to issues in the case. The attorney is a nonresident of this state, evidently does not understand the limitations under which this court exercises appellate jurisdiction, and the offer is denied.