No. 32,293

H. E. MAYER, *Appellant,* v. ROSE TAYLOR et al., *Appellees.*

(45 P. 2d 858)

Opinion filed June 8, 1935.

*Joe T. Rogers,* of Wichita, and *Harold Slater,* of Topeka, for the appellant.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, for appellees Anna Johnson and Mrs.

Freda Rading; *John J. Schenck* and *Clyde P. Schenck,* both of Topeka, for appellees Tillie Holtwick Acker, Rose Taylor and Harry R. Logan; *S. L. Lashbrook,* of Topeka, for appellee Bertha Parkhurst.

The opinion of the court was delivered by

DAWSON, J.: This was an action to enforce an alleged contract between plaintiff's mother and her brother and his wife, all three of whom are now dead, under the terms of which plaintiff laid claim to all of the considerable estates of his deceased uncle and aunt.

Plaintiff's petition alleged that in 1892 he was a minor and school boy in Belgium, that his mother was a resident of Germany, and that she had loaned large sums of money to her brother, Joseph Groll, who had emigrated to America and had become a resident of Topeka and had married there.

Plaintiff alleged that Joseph Groll and his wife, Susan J. Groll, were childless, and in 1892 they wrote and mailed a letter to plaintiff's mother in Germany, in which they stated that if she would send plaintiff to them in Topeka and he would render them the service and duty of a son until he attained his majority they would leave him all their property at their deaths.

Plaintiff alleged that his mother received that letter and accepted the offer therein contained, and took plaintiff out of school in Belgium and sent him to Groll and wife in Topeka, and that he rendered unto them the dutiful obedience of a son until he became of age; and that he later married and went into business for himself with the approval and good will of his foster parents, who were likewise his uncle by consanguinity and his aunt by affinity.

The petition further alleged that in 1926 Joseph and wife made a joint and mutual will, in which each devised to the survivor of them all of their property with power of disposition, but if the survivor should make no later disposition all their property, of which there was a considerable and varied amount in lands, bonds, cash and miscellaneous assets, located in Kansas, Missouri, Texas, and Illinois, should pass by devises and bequests to certain named beneficiaries. Two executors were nominated in the will, Mrs. Tillie Holtwick Acker and Harry R. Logan, both of Topeka. The original petition, without sufficient definiteness, alleged the death of Joseph Groll and that the joint and mutual will of Joseph and Susan was never probated, but that the will and codicils of Susan were filed for probate on the blank day of blank, 1933; but on motion of de-

fendants plaintiff was required to amend his petition in certain particulars; and in conformity thereto he alleged that the will and its codicils (the codicils being made by Susan after Joseph's death) were admitted to probate on April 22, 1933.

On May 11, 1934, this action was begun, and the plaintiff's claim to the estates of Joseph and Susan were predicated on the facts summarized as above. In the action, the defendants first brought in were all or several of the beneficiaries named in the will. The executors were not named as defendants, nor were they served with process, although the petition alleged—

"That Tillie Holtwick Acker and Harry R. Logan, named as executors of said will, were appointed and qualified as such executors and the said Tillie Holtwick Acker and Harry R. Logan as such executors are now in the course of settlement of such estate under such will, and that the devisees and beneficiaries named in said will and especially in the codicils thereof are asserting to be the owners and claiming said property according to the terms and conditions of said will and under and by said will, and the said executors are claiming the right to control said property by reason of said will."

On September 27, 1934, two of the defendant beneficiaries, Anna Johnson and Mrs. Freda Rading, filed a demurrer to the amended petition. This was sustained on October 6, 1934, and the cause dismissed as to them.

On behalf of certain other defendant beneficiaries and of the two executors also, a demurrer was likewise filed, in which the statute of limitations was specifically pleaded, and on October 6, 1934, was sustained.

On October 20, 1934, a demurrer filed on behalf of another defendant was similarly sustained.

On the same day, October 20, 1934, plaintiff, by his attorneys of record, stated that he desired to and did confess certain of the foregoing demurrers, but the record does not discriminate between them.

Thereafter certain of the individual defendants and the executors filed a motion for judgment; and on November 14, 1934, attorneys for plaintiff confessed this motion, and judgment was accordingly entered in favor of defendants or of the moving parties at least. This concluded the litigation in the trial court, and the costs were taxed to plaintiff.

Plaintiff appeals, assigning error on the trial court's ruling on the several demurrers. Since his counsel confessed some of these demurrers under circumstances which might justify an inference

that he was acquiescing in all of the rulings pertaining thereto, the question whether he has anything on which an appeal can be predicated logically intrudes. But since the trial court's rulings were obviously based upon the provisions of R. S. 1933 Supp. 22-222, 22-223, and can be as shortly and effectively disposed of on the merits as on the procedural question, we need only direct attention to the statute, the parts of which material here provide:

"If no person interested or claiming to be interested shall appear within one year from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, . . ." (R. S. 1933 Supp. 22-222.)

"The mode of contesting a will after probate, or an order of the court refusing to probate the will, shall be by civil action in the district court of the county in which the will was admitted to probate or the order of the court refusing to probate was made, which action may be brought at any time within one year after the probate or the order of the court refusing to probate the will, and not afterwards: . . ." (R. S. 1933 Supp. 22-223.)

The will, with its codicils, in this case was admitted to probate on April 22, 1933, and as it was neither assailed directly nor indirectly in the probate court or the district court until this action was begun on May 14, 1934, it would seem that the statute just quoted would bar the action.

Counsel for plaintiff, however, make the contention that this action is not one to contest the will—that such a contest would only be concerned with its formalities, the capacity of the testators, and possible questions of undue influence, with none of which matters plaintiff is concerned. However, the statute which authorizes the contest of a will does not confine the grounds of such contest within such narrow limits. Any cause of action which a pleader can set down on paper which, if established, would necessarily render a will nugatory, is a contest of the will and must be brought within the time allowed by the statute above quoted. All this is stare decisis in this jurisdiction, since it was authoritatively and deliberately so declared in the thoroughly contested case of *Rishel v. McPherson County*, 122 Kan. 741, 253 Pac. 586; id. 123 Kan. 414, 255 Pac. 979; id. 124 Kan. 31, 257 Pac. 939. Pertinent excerpts from the main opinion in that case read:

"There was no pretense that the will might stand as a valid instrument, and that plaintiff might nevertheless recover. She was obliged to get rid of the will, . . . Therefore, it is a mere play on words for plaintiff to say she is not contesting the will." (p. 751.)

"To state the contention is to state a ground for contest of the will. Probate establishes *prima facie* not merely due execution and attestation, but validity of a will. (R. S. 22-224.) The purpose of contest is to establish invalidity. The statute does not specify or limit grounds of contest. The cause of action may be anything which may be urged as destroying validity. Anyone having an interest may, within the statute period, propose grounds of contest. After that period has elapsed, he has no more privilege to contest a will than he would have if he were originally a stranger having no interest." (p. 753.)

"The statute of wills was designed to prevent barratry and to give security to title derived by will. The statute provides for establishing a will by a proceeding *in rem* (*Pee v. Carlyle,* 120 Kan. 200, 202, 243 Pac. 296), which concludes the world with respect to validity of the will, unless some person claiming an interest appears within two years and contests it by civil action in the district court. The time limitation is now one year. (Laws 1925, ch. 160; citations.)" (p. 751.)

"The result is, whoever seeks to impair the effect of a will to vest title to the testator's property in his legatees or devisees, by denying its validity, finds both his right and his remedy in the statute, or not at all." (p. 752.)

While some courts hold that statutes which grant the right to contest a will and prescribe the time in which such right may be invoked are not statutes of limitation, the supreme court of Montana and some others say they have the same effect. (*In re Estate of Murphy,* 57 Mont. 273; 68 C. J. 950.) Without such a statute, no such action could be maintained, and of course it must be brought within the time allowed. In the *Case of Broderick's Will,* 88 U. S. 503, 22 L. Ed. 599, the often quoted observations of Mr. Justice Bradley in respect to the desirability that the devolution of property of deceased persons shall be promptly settled are quite pertinent in the case at bar:

"The constitution of a succession to a deceased person's estate partakes, in some degree, of the nature of a proceeding *in rem,* in which all persons in the world who have any interest are deemed parties, and are concluded as upon *res judicata* by the decision of the court having jurisdiction. The public interest requires that the estates of deceased persons, being deprived of a master, and subject to all manner of claims, should at once devolve to a new and competent ownership; and, consequently, that there should be some convenient jurisdiction and mode of proceeding by which this devolution may be effected with least chance of injustice and fraud; and that the result attained should be firm and perpetual. The courts invested with this jurisdiction should have ample powers both of process and investigation, and sufficient opportunity should be given to check and revise proceedings tainted with mistake, fraud, or illegality. These objects are generally accomplished by the constitution and powers which are given to the probate courts, and the modes provided for reviewing their proceedings." (p. 509.)

Counsel for appellant apparently draw the erroneous inference that the case of *Burger v. Pasley*, 133 Kan. 208, 299 Pac. 608, has minimized the potency of *Rishel v. McPherson County*. By no means. In the Burger case the question of the timeliness of the action was not involved or was not raised. The plaintiff's claim, although established, did not completely overthrow the will of Lydia Knowles. So, too, in *Ross v. Ross*, 139 Kan. 316, 31 P. 2d 718, plaintiff's claim was only for a specific part of the estate devised by the will, and if the claim had been sustained the will would not thereby have been completely nullified. Moreover, in neither of these later cases was the statute, R. S. 1933 Supp. 22-223, invoked or discussed. In the specially concurring opinion in *Ross v. Ross*, Mr. Justice Smith, without citing *Rishel v. McPherson County*, cited the same statute which controlled that case, and he would have held that it similarly should control *Ross v. Ross*. The majority of the court did not disagree with that view, but preferred to leave that point open, since the appeal could as effectively be disposed of without considering the applicability of the statute to a case where only part of the estate was claimed adversely to the disposition of it under the will.

The judgment is affirmed.