No. 33,105

ALICE KUNZE, *Appellee*, v. LAWRENCE KUNZE, *Appellant* (FRANKIE KUNZE, His Wife, HENRY DISHMAN and MRS. HENRY DISHMAN, His Wife, *Defendants*).

(64 P. 2d 558)

 Opinion filed
January 23, 1937. 

*Charles Hughes, Fred R. Smith,* both of Manhattan, and *C. Vincent Jones,* of Clay Center, for the appellant.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action in ejectment in which the plaintiff alleged she was the legal owner of and entitled to the immediate possession of a certain described 80-acre tract of land in Riley county, and that the defendant unlawfully and wrongfully kept plaintiff out of possession thereof. There were four defendants in the case, but the legal questions involved in the final decision of the trial court and in this appeal concern only one of them, namely, Lawrence, a brother of the plaintiff.

The amended answer of this defendant denied that plaintiff was the owner of the land described in her petition and denied that she was entitled to the immediate possession thereof and denied that the defendant unlawfully and wrongfully kept her out of the possession of the same and alleged that he was the owner and in the lawful possession of said land.

A reply was filed to the amended answer which specifically denied that defendant was the owner and in the lawful possession of the land involved, and alleged that whatever claim defendant asserted or may hereafter assert of ownership of said land is barred by the one-year statute of limitations of this state and the same is not available to him as a basis for affirmative relief or as a defense to plaintiff's cause of action.

Because the pleadings raised the question of the statute of limitations, the parties stipulated the facts necessary to determine that question and applied to the trial court for a determination and judicial finding as to whether or not the one-year statute of limitations applicable to the contest of wills bars the claim of the defendant, and the court held that the claim of the defendant under the pleadings and the stipulated statement of facts amounted to a contest of the will of Charlotte Kunze, deceased, and that the one-year statute of limitations applicable to such contests is available to the plaintiff in bar of the claim of the defendant, that the claim of the defendant is barred by said statute and the plaintiff is entitled to the relief prayed for in her petition. After the overruling of a

motion for a new trial the defendant appealed, and here argues the assignments of error under the heading of the following two questions involved.

"1. Does the defense set up by Lawrence Kunze in his answer and as set forth in the agreed statement of facts, amount to a contest of the will of Charlotte Kunze, which is barred by the one-year statute of limitations?

"2. If it should be held that the defense pleaded by Lawrence Kunze to the action of plaintiff for ejectment and possession of the land in controversy amounts to a contest of the will of Charlotte Kunze, the statute of limitations does not apply to a matter of pure defense such as is set up in the answer of appellant where no affirmative relief is claimed."

The substance of the agreed statement of facts is as follows: William Kunze, the father of plaintiff and defendant, owned 840¾ acres of land in Riley county, of which the 80 acres here in controversy was a part. The defendant, Lawrence Kunze, claims ownership of this certain 80 acres under an oral contract which he claims was entered into by him, his father, William Kunze, and his mother, Charlotte Kunze, during the year 1923, by the terms of which it was in substance mutually agreed that in return for certain services to be performed by Lawrence Kunze, which he claims he has performed, he was to receive this 80 acres at the death of the last survivor of his parents. Shortly after the making of this oral contract defendant went into the actual possession of said 80-acre tract and has remained in possession of the same ever since, claiming to own it under said oral contract.

That William Kunze died in February, 1926, and letters testamentary were issued the same month in settlement of his estate under his will executed in 1920 in which he devised all the rest and residue of his estate, real, personal and mixed, of which he should die siezed and possessed, to his wife, Charlotte Kunze.

That Charlotte Kunze, the mother of these parties, died in February, 1932, and letters testamentary were issued the same month in connection with her will, which was executed in 1931, and it devised and bequeathed to Alice Kunze all of her real estate which she owned or may be entitled to at the time of her death, subject to the conditions that the daughter Alice should, within two years from the date of her death, pay two of the children $6,000 each, and her son, Lawrence, $2,000, which it seems she bequeathed to them.

That Alice Kunze, plaintiff herein, claims ownership of the land in question under and by virtue of the will of her mother.

That this action was commenced February 20, 1934, and the

first answer filed by defendant was on March 22, 1934; and on August 29, 1935, plaintiff filed a reply in which plaintiff for the first time raised the question of the one-year statute of limitations, and on September 11, 1935, all parties moved the court to determine in advance of trial the question of law as to the application of the one-year statute of limitations.

It is further agreed that the oral contract claimed by the defendant was first asserted in an action pending in the court of the justice of the peace on January 20, 1934; said action having been brought therein by this plaintiff against the defendant for unlawful detention of said property, and said defendant asserted ownership of the land under the oral contract hereinbefore mentioned, which divested the justice of jurisdiction.

R. S. 1933 Supp. 22-222 and 22-223 provide in substance that if no person interested or claiming to be interested shall appear within one year from the time of making an order by the probate court probating the will and contest the same, such order shall be forever binding (with certain exceptions not here involved); that the mode of contesting a will after probate shall be by civil action in the district court, which action may be brought at any time within one year after the probate and not afterwards. R. S. 22-224 provides that the order of the probate court shall be prima facie evidence of due attestation, execution and validity of the will.

The chain of title under which the plaintiff claims is through the separate wills of her father and her mother. The former devised it to his wife and she devised it to the plaintiff. The agreed statement showed that the father was the record owner thereof. The question is raised as to whether or not this 80 acres, here involved, was included in the general description in the mother's will of "all of my real estate," she having been a party to an oral contract made with her son which might have eliminated this 80 acres so that it might not in fact have been owned by her, similar to the situation where she might have given the son a deed to it, which he had not recorded, or had made a written contract to convey or devise it to him. But whether the description in the will includes this 80 acres or does not include it, will not change the fact that whatever title or right to the 80 acres the plaintiff has, good or bad, she derives from and through the will of her mother, and whatever interest the defendant may be able to establish in this 80 acres will be apparently contrary to the language of the mother's will. It is further suggested that 80 acres is only one-tenth of the total

acreage owned by the parents and therefore it should not be deemed a contest, but the principle and procedure would be just the same if 80 acres constituted the entire estate. The provisions of the mother's will are apparently being called in question as to the devise to the plaintiff of a part of the property.

Appellant cites *Burger v. Pasley,* 133 Kan. 208, 299 Pac. 608, which was one to compel performance of an oral agreement for one half of the property of the deceased, which agreement was wholly disregarded in the will, and plaintiff was held to have a right to recover one half of the estate. No question of the statute of limitations seemed to be raised. This court upon review said in the opinion that the question was one of interpretation of a pleading and upheld the claim of the plaintiff because there was no variation between the contract pleaded and the one found by the jury. If the pleaders in this case did not raise the question as to a contest of the will, it did not necessarily have to be raised by the court. Likewise, in the case of *Ross v. Ross,* 139 Kan. 316, 31 P. 2d 718, it was not deemed necessary by a majority of the court to base the decision on the question of contest. But in the case at bar the question is raised by the pleadings, and it must be met in some way.

In the case of *Mayer v. Taylor,* 142 Kan. 54, 45 P. 2d 858, it was held:

"An action for specific performance of an alleged contract between a husband and wife and the sister of the husband that they would leave all their property at the death of the survivor of them to the son of the sister upon conditions which were fully performed cannot be begun after the lapse of one year from the date of the admission to probate of the joint and mutual will and codicils of the husband and wife, following *Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586."

In the opinion on page 57 it was said:

"Any cause of action which a pleader can set down on paper which, if established, would necessarily render a will nugatory, is a contest of the will and must be brought within the time allowed by the statute above quoted. All this is *stare decisis* in this jurisdiction, since it was authoritatively and deliberately so declared in the thoroughly contested case of *Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586; id. 123 Kan. 414, 255 Pac. 979; id. 124 Kan. 31, 257 Pac. 939."

We think it is unnecessary to cite other decisions or authorities on this feature of the case and have no hesitancy in holding that the defense of Lawrence Kunze, raised by his answer and met by the reply pleading the statute of limitations, under the agreed state-

ment of facts, amounts to a contest of the will of his mother and is barred by the one-year statute of limitations.

The second question involved, as outlined by appellant, is that the statute of limitations does not apply to a matter of pure defense such as is set up in the answer of appellant where no affirmative relief is claimed. On this subject the cases of *Muckenthaler v. Noller,* 104 Kan. 551, 180 Pac. 453, and *Wyatt v. Collins,* 105 Kan. 182, 180 Pac. 789, are cited, but both cases refer to the use of the general statute of limitations and not to the special one on wills. The former case was one for contribution for having been compelled to pay a note, and the latter was an action to quiet title to real estate and involved the opening up of a judgment and the matter of a fraudulent conveyance.

It was said in *Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586:

"The result is, whoever seeks to impair the effect of a will to vest title to the testator's property in his legatees or devisees, by denying its validity, finds both his right and his remedy in the statute, or not at all. . . . To state the contention is to state a ground for contest of the will. Probate establishes prima facie not merely due execution and attestation, but validity of a will. (R. S. 22-224.) The purpose of contest is to establish invalidity. The statute does not specify or limit grounds of contest. The cause of action may be anything which may be urged as destroying validity." (pp. 752, 753.)

R. S. 60-313 is as follows:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

In the case of *Medill v. Snyder,* 71 Kan. 590, 81 Pac. 216, it was said:

"The fact that the statute concerns itself primarily with the creation and regulation of jurisdiction and procedure, makes the probate of a will conclusive and forever binding, establishes the title to real and personal property under probated wills." (p. 599.)

The defense not only denied the rights of the plaintiff, which were claimed under the will, but alleged and asserted rights of ownership and possession which were in conflict with the provisions of the will and therefore made the statute of limitations applicable to it as a contest.

We conclude that the trial court correctly held that the claim or defense of the defendant amounted to a contest of his mother's will and that it was barred by the one-year statute of limitations. (R. S. 1933 Supp. 22-222 and 22-223.)

The judgment is affirmed.