No. 34,423

RUTH ELIZABETH AXE, *Appellant,* v. BERTHA WILSON (also known as BERTHA V. WILSON), *Appellee* and *Cross-appellant.*

(96 P. 2d 880)

Opinion filed December 9, 1939.

*Paul H. White, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John Eberhardt* and *Paul H. White,* all of Wichita, for the appellant.

*Henry Lampl, Maurice Lampl, Rupert Teall* and *Austin M. Cowan,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Three actions are consolidated in this appeal. None of the actions has been tried. The appeals are from various rulings on motions and demurrers. Petitions in all three actions were deposited with the clerk of the district court of Sedgwick county, for

filing on the same day and at the same time. The rulings were not all made by the same trial judge, as the actions were assigned to two divisions of that court, as authorized by G. S. 1935, 20-602.

Plaintiff is the only daughter of G. A. Wilson and Josephine Tanton Wilson. Both of her parents are now deceased. The mother died first, and the father, within three years, married his nurse and housekeeper, who is the defendant Bertha Wilson, also known as Bertha V. Wilson. No children were born during her father's second marriage. The stepmother, Bertha Wilson, is the only defendant in two of these actions. Those actions are: Number 34,422, which is an action to set aside a deed transferring various tracts of real estate from the father to the stepmother, Bertha Wilson; and number 34,423, which is an action for damages against the stepmother for malicious interference with plaintiff's alleged right of inheritance. Case number 34,339 is an action to contest the will of plaintiff's father, and was instituted against both Bertha Wilson, and Bertha V. Wilson, executrix of the estate of G. A. Wilson, deceased.

In case number 34,422, which is the action to set aside the deed, plaintiff is the appellant. The appeal is from the order overruling plaintiff's demurrer to defendant's cross petition. By the cross petition defendant sought to quiet her title to the lands described in the deed, which is the deed plaintiff sought to set aside. The alleged defect in the cross petition, upon which the demurrer was grounded, was the absence of an allegation that defendant was in possession of the lands, in person or by tenant, as required in an ordinary quiet-title action under provisions of G. S. 1935, 60-1801. That, in an ordinary action to quiet title, an allegation of plaintiff's possession in person or by tenant is necessary under the statute and decisions, is conceded. Defendant first contends the cross petition, when fairly interpreted, contains the necessary allegation. It did not contain the direct allegation, but in substance alleged: She was the owner of both the legal and equitable estate and title in the lands described in the deed, and that she was entitled to the quiet and exclusive possession of the same. Defendant also contends the cross petition stated a cause of action in equity to quiet title and that the cross petition was aided by the prayer contained in plaintiff's amended petition. In the latter petition plaintiff had pleaded facts designed to state a cause of action for the cancellation of the deed and to bar defendant of all claim to the land. She prayed that the recorded deed be vacated and set aside as void, and that *any claim*

*or claims* of the defendant to the land be vacated and set aside, and "for such other and further relief as may be just and equitable." Defendant's answer denied all claims of plaintiff to the land in question. It is unnecessary to discuss the contentions as made. The issue of defendant's right to make any claim to the land was therefore joined by the allegation contained in the amended petition and answer. That included the claimed right of possession. If plaintiff succeeds in obtaining the relief she seeks under her amended petition she will be declared the owner and holder of both the legal and equitable title and to have the right of possession. Under these circumstances the court did not err in overruling the demurrer.

Case No. 34,339 was an action to contest the alleged will and codicil of decedent. The appeal in this action is by defendants Bertha Wilson and Bertha V. Wilson, as executrix of the estate of G. A. Wilson, deceased. The errors complained of are reflected by questions appellants present on appeal, which are:

1. Did the district court err in overruling defendant's motion to abate and dismiss this action for the reason that it was filed subsequent to the damage action, in which damage action the plaintiff assumed the validity of the will and codicil in question?

2. Did the district court err in overruling the defendant's motion in the alternative to require the defendant to elect in event the motion to abate and dismiss was denied?

3. Did the district court err in overruling the defendant's demurrers to plaintiff's amended petition?

4. Did the district court err in overruling a certain portion of the defendant's motion to strike parts of the petition?

5. Did the district court err in overruling a certain portion of defendant's motion to make the petition definite and certain?

We shall first dispose of the fourth and fifth questions together. Motions to strike and to make definite and certain rest in the sound discretion of the court, and rulings thereon are ordinarily not appealable. Unless they affect a substantial right and in effect determine the action, they are not appealable. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469.) Such showing is not disclosed by the record. Moreover, in the instant action it is sufficient to say the motions complained of were directed to the original petition, which has been superseded by an amended petition upon which the action is now pending. The result is, if the rulings ever constituted appealable orders, they are not properly here on appeal now.

Touching question number one, we are advised the action to contest the will was not filed by plaintiff subsequent to the action for

damages, but that the petitions in all three actions were deposited with the clerk for filing at exactly the same time. The clerk was, of course, obliged to docket each action separately. They were docketed and numbered as follows: The deed case was No. 100,150; the damage case was No. 100,151, and the will contest case was No. 100,152.

It has been held that where one action is instituted about one-half hour before the other, the law does not take account of such minutiae, and holds both actions to have been brought in parity of time. (*Avery v. Title Guarantee & Trust Co.*, 245 N. Y. S. 362, 230 App. Div. 519.) Then, too, an action is not deemed commenced until the summons is served on the defendant (G. S. 1935, 60-308), upon which latter matter the record is silent. So far as we know, the summons in the will contest case may have been served first. We might, under some circumstances, desire to hold that one action was filed subsequent to another, although the time between filing of the actions was very brief. Under all the circumstances in the instant case, however, we shall consider the actions as having been filed at the same time. Obviously, the damage action, if it lies, should be tried last. On the motion to abate and dismiss the instant action to contest the will it is also well to remember that it constitutes an action in rem and that the damage action is one in personam, and that Bertha V. Wilson, as executrix of the last will and testament of G. A. Wilson, deceased, is not a party to the damage action. In 1 Am. Jur., Abatement and Revival, § 34, it is stated:

"Proceedings in rem and in personam do not necessarily conflict with each other until satisfaction is obtained in one, and the rule that the pendency of an action between the same parties may be set up as a defense in abatement of a subsequent action does not in general apply where one action is a proceeding in rem and the other an action in personam."

We think the court did not err in overruling the motion to abate and dismiss the action to contest the will. The action for damages will be considered later.

This brings us to the second question. Appellants contend that when the court overruled their motion to abate and dismiss the action to contest the will it should have required plaintiff to elect whether she would stand on the damage action, which they claim affirmed both the will and deed, or whether she would stand on the action to contest the will. In other words, they insist the damage

action is inconsistent with the action to contest the will and plaintiff should have been required to elect whether she would stand on the action to contest the will or on the action for damages. These were separate and independent actions. On the subject of election of remedies it must always be remembered that an election can exist only where there is a choice between two or more inconsistent remedies which actually exist at the same time the election is made. In other words, the two or more inconsistent remedies, in fact, must be open to the party asserting them. (20 C. J., Election of Remedies, § 17.) In the damage action the defendant Bertha Wilson contends the damage action does not, in fact, lie. If that be true, then the pursuit of the remedy in damages, which plaintiff supposed she had, but which in fact she did not have, would not constitute an election between remedies, but a mistake as to the remedy she actually had. (*McKim v. Carre*, 72 Kan. 461, 464, 83 Pac. 1105; *Kasper v. Railway Co.*, 115 Kan. 610, 612, 223 Pac. 1106; *Toner v. Conqueror Trust Co.*, 126 Kan. 554, 560, 268 Pac. 810; *Bonesteel v. White*, 127 Kan. 843, 845, 275 Pac. 163.) If she was mistaken in the belief that she had an action for damages, then, obviously, there was no occasion to require an election between two remedies. On the other hand, she was entitled to have the question, whether she also actually had an action in damages, determined before she was required to make an election in the action to contest the will. The trial court did not determine that question until later, namely, on April 7, 1939, when it sustained a demurrer to plaintiff's petition in the damage suit. Whether plaintiff had a remedy in damages for the particular damages she sought will be decided in the damage action. We think the motion to require plaintiff to elect, under the instant circumstances, was properly overruled.

What about question number three? Did plaintiff's amended petition state a cause of action to contest the will? The grounds of the separate demurrer of Bertha Wilson were that the amended petition did not state a cause of action on the theory of either mental incompetency or undue influence, and that another action, namely, the damage action, was pending between the same parties.

In view of what has been said previously, it is unnecessary to dwell further on the last stated ground. Touching the particular objections to the alleged insufficiency of the amended petition, it is enough to say the petition in substance pleaded facts directly or from which it properly could be inferred that decedent was mentally

incompetent and wholly unable to understand the content or legal effect of the will and codicil on the date he executed them and long prior thereto; during the state of such mental incompetency decedent possessed no independent action or mind, but was completely under the influence, control and domination of the defendant, Bertha Wilson; he did all things requested and demanded of him by defendant in relation to his property; had he not· been mentally incompetent and under the complete domination, influence and control of defendant he would not have executed the will and codicil in question.

Thereafter the petition alleged that by reason of the foregoing facts decedent—

"Was not possessed of sound mind and disposing memory, and was so *insane, dominated* and *controlled* by the said defendant, Bertha Wilson, as to be incapable of understanding the natural objects of his bounty, and did not possess the sound mind and disposing memory' required by the statutes and laws of the state of Kansas, in attempting to execute and make a last will and testament, and that he was under the complete control and dominance of the said defendant, Bertha Wilson, and that he was unable to resist the will and wishes of the said defendant. That by reason of all the facts hereinbefore alleged, the making and signing of the alleged purported will and testament, and codicil hereinbefore referred to as exhibit 'A,' *is not the will, in truth and in fact, of the said G. A. Wilson, deceased,* and that by reason thereof, said instrument or instruments purporting to be the last will and testament of the said G. A. Wilson, deceased, *are not, in fact, his last will and testament and codicil thereto,* and should be set aside and held for naught." (Italics ours.)

The demurrer was properly overruled. (*Black v. Black,* 131 Kan. 154, 289 Pac. 480; *Protheroe v. Davies,* 149 Kan. 720, 730, 89 Pac. 890, and cases therein cited.)

This brings us to the last of the three cases, No. 34,423, which was an action to recover damages for malicious interference with plaintiff's alleged right of inheritance. The malicious interference relied upon consisted in the alleged fraud and undue influence practiced by the defendant stepmother, Bertha Wilson, in procuring the execution and delivery of a certain deed from decedent, the father of plaintiff, by which numerous tracts of land were conveyed by decedent to the defendant. Substantially, if not exactly, the same fraud and undue influence of defendant was alleged to have induced decedent to execute a will and codicil under the terms of which defendant received all property of decedent, real, personal and mixed, except the sum of $50 which was bequeathed to plaintiff under the codicil.

A demurrer was sustained to plaintiff's amended petition, and from that ruling she appeals. Defendant cross-appeals from three rulings involving motions directed against the original petition and from the overruling of her motion to abate and dismiss the damage action. The latter motion was upon the ground two other actions were then pending, which were the action to cancel and set aside the deed, and the action to contest the will and codicil. It alleged the facts pleaded in the other pending actions were identical with those pleaded in the instant damage action and that the relief obtainable in those actions would afford plaintiff all the relief obtainable in this particular damage action. We need not concern ourselves with the first three motions for several reasons. One sufficient reason is that they were not leveled against the amended petition on which this action is now pending, but against the original petition. The motion to abate and dismiss the damage action was, however, filed and overruled after the amended petition was filed, and it will receive our attention, if necessary, after we have disposed of the principal appeal by plaintiff.

Defendant's demurrer to plaintiff's amended petition asserted: (1) No cause of action was alleged upon the grounds of fraud, undue influence or mental incompetency; (2) two other actions were pending between the same parties for the same cause; (3) the petition failed to state sufficient facts to constitute any cause of action in favor of plaintiff and against defendant.

The demurrer was sustained generally. The first question which naturally presents itself is whether an action by a daughter for damages for malicious interference with her alleged right of inheritance actually lies. In this state the father, of course, had the absolute right to completely disinherit her, if he chose to do so. It is true the amended petition, in addition to pleading the mental incompetency of decedent, and the fraud and undue influence practiced upon him by defendant, also in substance alleged facts which disclosed: The existence of an affectionate relationship between plaintiff and her father prior to defendant's alleged fraudulent acts, influence and malicious conduct; a breach of that relationship between plaintiff and her father resulting from defendant's malicious conduct; defendant's conduct was expressly designed to and resulted in cheating and defrauding plaintiff out of her natural, logical and expected right of inheritance.

That the authorities are divided on the general question whether

such an action lies, must be conceded. The following decisions support or tend to support the doctrine that such action lies under some circumstances. (*Morton v. Petitt,* 124 Ohio St. 241, 177 N. E. 591, in which *Petitt v. Morton,* 38 Ohio App. 348, 176 N. E. 494, was affirmed.) A forged will was there involved. (*Bohannon v. Trust Co.,* 210 N. C. 679, 188 S. E. 390; *Bohannon v. Trotman,* 214 N. C. 706, 200 S. E. 852; *Creek v. Laski,* 248 Mich. 425, 227 N. W. 817; *Dulin v. Bailey,* 172 N. C. 608, 90 S. E. 689.)

The following cases contain dicta supporting or tending to support the doctrine that such an action may lie under certain circumstances. (*Lewis v. Corbin,* 195 Mass. 520, 81 N. E. 248; *Kelly v. Kelly,* 61 La. [10 La. Ann.] 622; *Heirs of Blanchard v. Heirs of Blanchard,* 32 Vt. 62; *Gains v. Gains,* 2 A. K. Marsh. [Ky.] 190, 12 Am. Dec. 375; *Card v. Grinman,* 5 Conn. 164, 169.)

The following authorities denounce the doctrine as unsound on the theory that no legal or enforceable right has been invaded or legal duty breached where the testator has no legal duty or obligation to devise or bequeath any portion of his estate to an heir. (*Hutchins v. Hutchins,* 7 Hill [N. Y.] 104; *Hall v. Hall,* 91 Conn. 514, 100 Atl. 441. For a discussion of both viewpoints see 27 Yale Law Journal 263; *Kent et al. v. Mahaffey et al.* 10 Ohio St. 204; *Cunningham v. Edwards,* 52 Ohio App. 61; 3 N. E. [2d] 58, 1916.) The two Ohio cases were cases involving fraud. See, also, case of Broderick's Will, 88 U. S. 503, 22 L. Ed 599, holding a constructive trust could not be established because of laches, and containing dictum to the effect that a court of equity will not intervene when plaintiff may obtain relief in the probate court or by suit to contest the will, but that it may grant relief where time for such action has elapsed if plaintiff has not been guilty of laches or other fault. The above list of authorities is not submitted as complete on either view, but comprises only decisions cited in the respective briefs, and such as our limited time for research has disclosed. While the general question whether such an action, or a somewhat similar action, may lie under some circumstances is indeed an interesting one, the question is not controlling in this particular case. That is especially true in view of our own decisions which bear upon the actual turning point in this particular case.

What is the exact question now presented? It is highly important to bear in mind that the instant action is not one to recover damages in the nature of expenditures or costs, or damages of similar char-

acter, occasioned by a successful effort to contest the will. Nor is it an action to recover damages in the nature of costs and expenditures resulting from a successful effort to probate a will which had been spoliated by another, as were allowed in the early case of *Taylor v. Samuel J.* and *William K. Bennett*, 1 Ohio Cir. Dec. 57. Nor is this an action to recover damages for fraudulent and malicious interference with one's right of inheritance where the alleged fraud, in the exercise of diligence, is not and could not have been discovered by the heir until it was too late to contest the will. Nor is it an action to recover damages of any character, other than the loss of her alleged part of the corpus of the estate which plaintiff could recover in a successful action to contest the will, which actually might have been suffered by reason of the tortious act. This is an action to recover the value of the identical property which plaintiff claims she would have received and which she will receive if she succeeds in her action to contest the will. The latter action is now pending and was filed in time. The instant action, according to the averments of the amended petition, was brought for the specific purpose above stated and to recover no other damages whatsoever. That is, therefore, the only kind of action for damages with which we are now concerned. After pleading all facts touching decedent's mental incompetency and defendant's alleged fraud and undue influence, plaintiff expressly alleged:

"That the real and personal property of the said G. A. Wilson *of which this plaintiff would naturally have received if it had not been for the fraud, undue influence and other wrongful acts of this defendant, is of the reasonable value of one hundred thousand dollars ($100,000)*." (Italics ours.)

Obviously, we cannot convert the instant action into one of an entirely different character. Her prayer also is for that identical damage. It reads:

"Wherefore, this plaintiff prays for judgment against the defendant, Bertha Wilson, for the sum of one hundred thousand dollars ($100,000) and for such other and further relief as to the court may seem just and proper, and for the costs of this action."

Plaintiff's proof, upon trial, would go to the exact subject of the value of the property she would have received, except for the will, and to nothing else. In no event would she be entitled to recover a greater amount than the value of the property she would have received had decedent died intestate. Nor could she recover damages of any other character, assuming she actually had suffered other

damages. On the other hand, if plaintiff succeeds in the action to contest the will she will receive that same identical value in property. The damage action, for all practical purposes, is therefore an effort to impair the ultimate effect of the will and to render nugatory the apparent rights of defendant under the will. Manifestly the will would be of no value to defendant if she were permitted to take the property under the terms of the will and then be obliged forthwith to pay to plaintiff the exact value of that property. The precise question, under existing circumstances is, therefore, How may she impair the effect of the will when it is not too late to contest the will and when an action to contest the will is actually pending? This court has repeatedly and upon deliberate consideration ruled that an action which in effect contests the will is a will contest action and must be brought as such under the contest statute or not at all. (*Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586.) For rehearings, see 123 Kan. 414, 255 Pac. 979, and 124 Kan. 31, 257 Pac. 939. (*Mayer v. Taylor,* 142 Kan. 54, 45 P. 2d 858; *Kunze v. Kunze,* 145 Kan. 72, 64 P. 2d 558; *Koch v. Wolf,* 146 Kan. 247, 62 P. 2d 1088.) To the same effect see, also, *Stowe v. Stowe,* 140 Mo. 594, 41 S. W. 951. It should be borne in mind these decisions deny plaintiff no legal right, but simply determine her remedy. The very purpose of a will contest action is to establish the invalidity of the will. The grounds of contest are not limited or specified by the statute. The cause of action may be anything which may be urged as destroying the validity of the will. (*Rishel v. McPherson County,* supra, p. 753.) Plaintiff insists the damage action does not attack the will itself, but permits it to stand. That very contention was made in some of the above cases. This is an action at law, and this court, even in equity cases, has refused to impress property with a constructive trust in favor of an heir where the property had been devised under a probated will and the heir contended the will, which cut her off, was procured by fraud. In the Rishel case, *supra,* it was held:

"The action was an ordinary action by an heir to recover property, on the ground a will which cut her off, if valid, was procured by fraud. *Held,* her remedy was by action to contest the will, and not to establish a constructive trust." (Syl. ¶ 4.)

In that case this court readily recognized the fact that some courts held otherwise, but said:

"There are numerous cases holding that under certain circumstances the

beneficiary of a will may be charged as a trustee *ex maleficio* of property received by virtue of the will. The cases need not be reviewed here. It is sufficient to say that fraud and undue influence practiced on a testator are grounds for contesting his will; and to apply the constructive trust doctrine to the ordinary case of an heir suing to recover property on the ground a will which cuts him off if valid, was procured by fraud, would make waste paper of the statute of wills." (p. 753.)

In the Rishel case it was also said:

"The result is, whoever seeks to impair the effect of a will to vest title to the testator's property in his legatees or devisees, by denying its validity, finds both his right and his remedy in the statute, or not at all." (p. 752.)

The decision in the Rishel case has been adhered to consistently, and repeatedly has been cited in subsequent decisions of this court. In the Mayer case, *supra*, in which a will had been probated, a party sought specific performance of an alleged oral contract more than one year after the date of the admission of the will to probate. The relief was denied, following the Rishel case, and this court again said:

"Counsel for plaintiff, however, make the contention that this action is not one to contest the will—that such a contest would only be concerned with its formalities, the capacity of the testators, and possible questions of undue influence, with none of which matters plaintiff is concerned. However, the statute which authorizes the contest of a will does not confine the grounds of such contest within such narrow limits. Any cause of action which a pleader can set down on paper which, if established, would necessarily render a will nugatory, is a contest of the will and must be brought within the time allowed by the statute above quoted. All this is *stare decisis* in this jurisdiction, since it was authoritatively and deliberately so declared in the thoroughly contested case of *Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586; *id.,* 123 Kan. 414, 255 Pac. 979; *id.,* 124 Kan. 31, 257 Pac. 939. Pertinent excerpts from the main opinion in that case read:

" 'There was no pretense that the will might stand as a valid instrument, and that plaintiff might nevertheless recover. *She was obliged to get rid of the will,* . . . *Therefore, it is a mere play on words for plaintiff to say she is not contesting the will.'* (p. 751)." (p. 57.) (Italics ours.)

The Kunze case, *supra,* was an ejectment action in which plaintiff claimed under the will and defendant claimed under an alleged performed oral contract with the testator and her husband for services. It was held the defense was barred by the one-year statute of limitations, if such defense attacked the validity of the will *directly or indirectly* by attempting to render nugatory the apparent rights of the plaintiff under the will. (Syl.) After again reviewing our own decisions, the court remarked:

"We think it is unnecessary to cite other decisions or authorities on this feature of the case and have no hesitancy in holding that the defense of Lawrence Kunze, raised by his answer and met by the reply pleading the statute of limitations, under the agreed statement of facts, *amounts to a contest of the will* of his mother and is barred by the one-year statute of limitations." (pp. 76-77.) (Italics ours.)

The Koch case, *supra,* involved another claim, under an alleged performed oral contract, to a portion of the testator's estate. In following the previous decisions herein cited, the Koch case was disposed of as follows:

"We conclude that the oral contract set out in the petition of the plaintiff was such as, if successfully established, *would nullify the effect of the will and was therefore a contest of the will in question,* and the action was barred by the statute of limitations as to contests of wills, and the fact that it only affected one-third of the property of the deceased would not make it any the less a contest of the will." (p. 251.) (Italics ours.)

We think the instant action for damages, if successful, would render nugatory the apparent rights of defendant under the will and would nullify the apparent intended effect of the will just as effectually as the contentions in the cases cited, had those contentions been sustained. We therefore conclude plaintiff's remedy to obtain the particular relief sought does not lie in an action for damages, but in her action to contest the will.

This brings us to the deed feature of the action. Does the amended petition state a cause of action to recover damages resulting from the alleged fraudulent procurement of the deed? Appellee contends it does not, and that the amended petition discloses on its face such cause of action, if any existed, is barred. The interest in the real estate which plaintiff claims she lost under the fraudulent deed and for which loss she seeks damages, is the same real estate which would pass to defendant under the will if the deed is in fact void. The real estate, according to the averments of the amended petition, was transferred to defendant by a deed dated May 1, 1930. The deed was recorded May 2, 1934. The damage action, as the other two actions, was commenced February 16, 1938. The action sounds in tort and is predicated on fraud. Whether the action be regarded as one to recover for injuries to the rights of plaintiff or as an action for relief on the specific ground of fraud, the action was barred two years after the cause of action accrued. (G. S. 1935, 60-306, *third.*) On the theory of fraud the action accrued when plaintiff, in the exercise of diligence, could have discovered the fraud. The record-

ing of the deed was constructive notice of the alleged fraud and started the running of the statute of limitations. (*In re Estate of McFarland*, 118 Kan. 534, 235 Pac. 832; *Malone v. Young*, 148 Kan. 250, 264, 91 P. 2d 23.) Moreover, so long as the will stands, plaintiff could not be damaged by the execution of the deed. That obviously follows, as the will devised to defendant all of the real estate. Before plaintiff could be damaged by reason of the deed, under facts in the instant case, she would be required to set aside the will. We think the demurrer to the amended petition was properly sustained. In view of this conclusion it is unnecessary to consider defendant's cross-appeal. In closing it may be well to remind the reader the three actions here involved were all filed prior to the enactment of the 1939 probate code, and while there existed express statutory authorization for contesting wills after probate by an independent action in the district court. (G. S. 1935, 22-223.) The judgment of the trial court in each of the respective actions, namely, cases numbered 34,339, 34,422 and 34,423, is affirmed.

ALLEN, J., concurs in Nos. 34,422 and 34,339, and in the result in No. 34,423.